IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MELODY STOOPS, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-83 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE MEMO

Conference: Joint Status Conference
Before Judge: Kim R. Gibson on 12/15/2015

| Brett M. Freeman<br>Appearing for Plaintiff | Jordan E. Berty, Martin C. Bryce, Jr., Ross. S. Enders, Scott S. Gallagher, Divya S. Gupta, Eric M. Hurwitz, Dylan C. Lewis, Bonnie Mangold, Michael Schuette, Jr., Stephen A. Watkins, and Jason G. Wehrle<br>Appearing for Defendants |
|---|---|
| 2:40 p.m.<br>Conference Began | 3:13 p.m.<br>Conference Concluded |
| AMM and SKS<br>Law Clerks | KS<br>Court Reporter |

    The Court held a Joint Status Conference at the request of the parties. Plaintiff, Attorney Freeman, and Attorney Enders appeared in person. All other attorneys appeared by telephone. The Court noted that Attorney Watkins had requested this conference. On behalf of Comenity Bank, Attorney Watkins stated that he had so requested because these cases involve common legal issues.

    The Court stated that it would begin by discussing Attorney Freeman's motion to withdraw as counsel. The Court requested that Defendants state their responses and oppositions, if any, to this motion. Attorneys for Defendants Synchrony Bank and Enhanced Recovery Company, LLC stated that they had no objection. Attorneys Gupta, Wehrle, and Watkins stated that they had no objection to Attorney Freeman's withdrawal on behalf of their clients, Defendants Wells Fargo Bank, N.A., Credit Protection Association, L.P., and Comenity Bank, respectively, but that they did oppose Plaintiff's request for additional time to review and

1

revise the transcript of her deposition in the Wells Fargo, N.A. and Navient Corporation cases. Attorney Gupta noted that her client, Wells Fargo, N.A., had filed a brief in opposition to Plaintiff's request for additional time to review and revise the transcript of her deposition. Attorneys Schuette and Hurwitz stated that their clients, Credit One Bank, N.A. and Navient Corporation, respectively, had reached settlement with Plaintiff and therefore had no objection to Attorney Freeman's motion, but inquired as to a time frame for Plaintiff to obtain new counsel given that their settlements had not yet been finalized.

The Court then asked for Attorney Freeman's position on behalf of Plaintiff. Attorney Freeman stated that it was his understanding that Plaintiff does not intend to disclaim the settlements that had been reached with respect to Credit One Bank, N.A., and Navient Corporation. Attorney Freeman stated that Plaintiff wished to retain new counsel but did not know how much time Plaintiff would require. At the Court's request, Attorney Freeman consulted with Plaintiff on this issue. Attorney Freeman then reported to the Court and the other attorneys that Plaintiff had already obtained new counsel and requested that the Court give her new counsel until the end of the following week to enter his or her appearance. The Court stated that it would set a deadline of December 31, 2015, for Plaintiff's new counsel to enter his or her appearance.

Attorney Freeman then noted that Plaintiff had also moved for an extension of time to review and revise the transcript of her deposition in the cases against Navient Corporation and Wells Fargo Bank, N.A. Attorney Freeman stated that Plaintiff made this request so that her new counsel would have time to review and revise the transcripts, which Attorney Freeman had not yet done with regard to these two deposition transcripts. Attorney Hurwitz stated on behalf of Navient Corporation that it was his understanding that the case had settled, and the only task now left was to finalize the settlement agreement. Attorney Freeman responded that Plaintiff is concerned that if she does not correct the transcript of her depositions in the cases against Navient Corporation and Wells Fargo Bank, N.A., Defendants in the remaining cases would have access to these deposition transcripts without any corrections that she may choose to submit. Attorney Gupta stated, on behalf of Defendant Wells Fargo Bank, N.A., that they had stipulated during their deposition of Plaintiff that she would have 30 days to review and revise the deposition transcript. Attorney Gupta stated further that the request for the extension was made only three days before the deadline of December 4, 2015, and that Plaintiff now seeks an extension well beyond that date. The Court asked whether Navient Corporation had reached any such stipulation during its deposition of Plaintiff, and counsel for Navient Corporation reported that it had not.

Attorney Mangold asked on behalf of Synchrony Bank whether the case management conference currently scheduled for December 18, 2015, should be continued in light of Attorney Freeman's withdrawal from the case. The Court stated that it would issue new dates on all case

management conferences that are currently scheduled to take place on or before December 31, 2015.

Attorney Watkins noted on behalf of Comenity Bank that he would likely file a motion to consolidate certain of the remaining cases, and the Court stated that this could be resolved by an order. Attorney Watkins also indicated that he would likely need to move a deposition of Plaintiff that is currently scheduled for December 16, 2015, and the Court stated that the parties should resolve any issues of discovery scheduling.

Attorney Wehrle, on behalf of Credit Protection Association, L.P., requested that the Court address a substantive issue. The Court responded that it would prefer to address substantive issues by motion.

The Court stated that it would grant Attorney Freeman's motion to withdraw by order the following day. The Court stated that it had not yet reached a decision on Plaintiff's request for an extension of time to review deposition transcripts, but indicated that it would issue an order as to this request the following day as well.

On behalf of Comenity Bank, Attorney Watkins asked whether the Court would address the issue of Plaintiff's contact information in the event that she does not obtain new counsel by the December 31, 2015, deadline. Attorney Freeman consulted with Plaintiff and confirmed that the phone number and the Lakeland, Florida, address in Paragraph Five of Attorney Freeman's motion are accurate. Attorney Freeman stated that the Flinton, Pennsylvania, address is no longer an accurate contact address for Plaintiff.

Attorney Freeman noted that he had also filed a request for Status Report in the cases against Navient Corporation and Wells Fargo Bank, N.A.. The Court stated that it would address this issue by order the following day. Attorney Freeman also made an inquiry about attorney's liens in the two cases that had settled. The Court stated that this issue could be addressed by motion if and when it arises in those cases. Attorney Freeman lastly raised the issue of Wells Fargo Bank, N.A.'s pending Motion for Summary Judgment and asked the Court to extend the deadline for Plaintiff's response to this motion to give her new counsel time to work on the response after entering his or her appearance. Counsel for Wells Fargo Bank, N.A. stated that she had no objection to an extension of time. The Court stated that it would extend the deadline for Plaintiff's response to this motion to January 14, 2016, and that it would include this deadline in an order to be entered the following day.

No further issues were discussed, and the conference concluded.