UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY STOOPS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 3:15-cv-00083-KRG<br><br>U. S. District Judge:<br>　　Honorable Kim R. Gibson<br><br>**RESPONSE TO MOVANT'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>(Removed from the Cambria County Court of Common Pleas, Case No. 2015-896) |

Plaintiff Melody Stoops ("Plaintiff" or "Stoops") hereby submits the following Response to Movant's Concise Statement of Undisputed Material Facts. This Responsive Concise Statement further sets forth separately numbered paragraphs of other material facts that are at issue or that are necessary for the Court to determine the motion for summary judgment. This statement is submitted pursuant to Western District of Pennsylvania Local Rule 56.C(1).

## PLAINTIFF'S RESPONSE

1.　Plaintiff Melody Stoops was convicted of felony theft and felony forgery in 2013 relating to position in medical billing. Her sentence included, inter alia, probation through at least 2017. See Deposition of Melody Stoops ("Stoops Depo.") at p. 54:4-16; 58:6-8; 59:14-23; 61:18-22; 62:5-24, attached as Exhibit A to the Declaration of Divya S. Gupta ("Gupta Decl.").

**Plaintiff's Response to 1**: <u>Denied</u>.

<u>Undisputed</u>.

<u>Immaterial</u>. Plaintiff's criminal history has no bearing whatsoever on the claims Plaintiff brings against Wells Fargo. It is objectionable on the basis that Wells Fargo is not attempting to admit Plaintiff's conviction for the purposes of impeachment. See Federal Rules of Evidence ("FRE") Rule 609. On the contrary, Wells Fargo is relying on the truth of Stoops' statements in her deposition to support its motion for summary judgment. Wells Fargo's sole purpose for

-1-

bringing into evidence Plaintiff's conviction is for the improper purpose of smearing her name.

Plaintiff's criminal history is also irrelevant and immaterial because Wells Fargo admits to the elements of TCPA violation in its motion.

2. While serving her probation sentence, Plaintiff devised a scheme to create a for profit "business" by manufacturing claims against unsuspecting callers. See Stoops Depo. at p. 35:10-25; 36:1-5; 77:15-24; 78:1-4; Wells Fargo's Requests for Admission to Melody Stoops, No. 25, deemed admitted per Rule 36(a)(3), attached as Exhibit B to Gupta Decl.

**Plaintiff's Response to 2: <u>Denied</u>**.

<u>Disputed</u>. Wells Fargo's Requests for Admission to Melody Stoops, Set No. 2, Nos. 23 through 55 ("RFA Set No. 2") are <u>not</u> deemed admitted per Rule 36(a)(3). RFA Set No. 2 is dated November 5, 2015. Per Rule 36(a)(3), time for Plaintiff to respond was December 5, 2015. This Court scheduled December 1, 2015, in its Initial Scheduling Order as the date discovery is closed: "All interrogatories, notices of deposition, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed and filed prior to the close of discovery." Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse has no evidentiary effect. Wells Fargo's RFA Set No. 2 are in all respects an evidentiary nullity. The "Initial Scheduling Order" is attached as **Exhibit A** to the Declaration of Joseph R. Manning, Jr. ("Manning Decl.").

<u>Disputed</u> as to the words "profit," "scheme," and "unsuspecting callers" as those words appear nowhere in the Deposition of Melody Stoops ("Stoops Depo."). On the contrary, there was nothing unsuspecting of Wells Fargo calling Plaintiff when its representatives knew they were calling the wrong person and Plaintiff told them they were calling the wrong person. See Stoops Depo. At p.107:23-24, 108:1-10, 109:8-10, 113:20-24, 114:1-5, attached as **Exhibit D** to Manning Decl. Declaration of Melody Stoops ("Stoops Decl.") ¶¶7, 8, 9.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location

and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See *Martin v. Bureau of Collection Recovery*, 2011 U.S. Dist. LEXIS 157579, *8 (N.D. Ill. June 13, 2011) (St. Eve, J.) ("Characterizing Plaintiff as a 'professional plaintiff' does not boost [Defendant's] argument"); *Charvat v. Travel Servs.*, 2015 U.S. Dist. LEXIS 81770, *10-11 (N.D. Ill. June 24, 2015) (Wood, J.) (plaintiff's motivation of "financial gain rather than selfless consumer advocacy" is irrelevant to TCPA claim). "Defendants have not cited any authority for the proposition that a professional plaintiff is outside the TCPA's statutory zone of interest. Although Plaintiff may have created a home environment that allows him to document telemarketing calls better than most consumers, the Court is not convinced that Plaintiff is outside of the TCPA's zone of interest." *Fitzhenry v. ADT Corporation*, 2014 U.S. Dist. LEXIS 166243 (S.D. Fla. Nov. 3, 2014). The fact that Plaintiff ran a "business" is immaterial to her TCPA claims. *Telephone Science Corporation v. Trading Advantage LLC*, Case No. 1:14-cv-04369 (N.D. Ill., Feb. 17, 2015) (See Docket No. 78, page 2.) A consumer has no affirmative obligation to opt out of calls to which he or she never consented; "the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made using an autodialer, artificial voice, or prerecorded voice." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 44, ¶ 81. The FCC declined to add "an affirmative, bad-faith defense that vitiates liability upon a showing that the called party purposefully and unreasonable waited to notify the calling[ ]party of the reassignment in order [to] accrue

statutory penalties." Id., p. 44, ¶ 95. The FCC also declined to establish "good faith" exception to liability. *Id.* p. 50-51, ¶93, fn. 315.

Immaterial as to Plaintiff being on probation. It is objectionable on the basis that Wells Fargo is not attempting to admit Plaintiff's conviction for the purposes of impeachment. See Federal Rules of Evidence ("FRE") Rule 609. On the contrary, Wells Fargo is relying on the truth of Stoops' statements in her deposition to support its motion for summary judgment.

3. Plaintiff's scheme begins with her purchase of more than 35 cell phones and cell phone numbers with prepaid minutes. See Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4.

**Plaintiff's Response to No. 3: Denied**

Disputed as to the word "scheme" as this word appears nowhere in the Stoops Depo. Undisputed as to Plaintiff owning cell phones and cell phone numbers with prepaid minutes.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

Immaterial. The number of cell phones Plaintiff owns is irrelevant to her TCPA claims against Wells Fargo. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

4. The specific purpose of purchasing more than 35 cell phones is to manufacture TCPA lawsuits. See Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4.

**Plaintiff's Response to No. 4: Denied**

Disputed as to "manufacture TCPA lawsuits." In Stoops Depo. At 78:1-4: "Q: So you're specifically buying these cell phones in order to manufacture a TCPA lawsuit? In order to bring a TCPA lawsuit? A: Yeah." The form of the question is compound and unclear whether Plaintiff refers to "bring" or "manufacture" in her affirmation.

Immaterial. The number of cell phones Plaintiff owns is irrelevant to her TCPA claims against Wells Fargo. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "manufacturing" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

5. The specific purpose of adding prepaid minutes to the more than 35 cell phones is so that the phones will receive calls from automatic telephone dialing systems. See Wells Fargo's Requests for Admission to Melody Stoops, No. 44, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to No. 5: Denied**

Disputed. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. See Plaintiff's Response to No. 2. supra. The "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

6. Following her deposition in this case, Plaintiff admitted to purchasing over 100 cell phones in order to prosecute TCPA claims and with the goal of receiving calls from automatic telephone dialing systems. See Wells Fargo's Requests for Admission to Melody Stoops, No.'s 37 and 41, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to No. 6: <u>Denied</u>**

<u>Disputed</u>. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. See Plaintiff's Response to No. 2. supra. The "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl.

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells

Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

7. Unlike the purchase of her one personal cell phone, these other 35 plus cell phones were purchased and used solely to bring TCPA lawsuits. See Stoops Depo. at 74:14-21; 82:19-24; 83:1-8.

**Plaintiff's Response to No. 7**: **Denied**

Disputed as to the word "solely" as this word appears nowhere in the Stoops Depo.

Disputed as to "35 plus cell phones" as Wells Fargo has not established there are more than 35 phones.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

8. Plaintiff then carefully selects area codes from locations she knows to be economically depressed. See Stoops Depo. at p. 81:18-24; 82:4-18.

**Plaintiff's Response to No. 8**: **Denied**

Disputed as to the word "carefully" as this word appears nowhere in the Stoops Depo. The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

9. Despite residing in Pennsylvania, she normally selects an area code in Florida "because there is a depression in Florida" and "people would be usually defaulting on their loans or their credit cards." See Stoops Depo. at p. 82:4-18; 92:10-14; 124:17-24; 125:1-3.

**Plaintiff's Response to No. 9**: **Denied**

Undisputed. However, also Plaintiff describes choosing zip codes in Florida because "that's where [she] is most familiar with." See Stoops Depo. at p. 147:18-24; 148:1-6.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

10. Plaintiff purchases these cell phones and cell phone numbers with the specific intent and expectation that the phones will receive calls from creditors seeking to reach the prior owner of the phone number. See Stoops Depo. at p. 77:17-24; 78:1-4; 84:18-24; 85:1-4; 35:8-22; 123:6-16; See Wells Fargo's Requests for Admission to Melody Stoops, No. 44, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to No. 10: Denied**

Disputed. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. See Plaintiff's Response to No. 2. supra. The "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl.

Disputed as to the word "expectation" as this word appears nowhere in the Stoops Depo.

Disputed as to the word "specific intent" as nowhere in the Stoops Depo. does Plaintiff describe that she had a "specific intent" to receive calls from creditors seeking to reach prior owners of a phone number. The word "specific intent" is also improperly introduced as a statement of material fact because it is question of law that requires judicial determination.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells

Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

  11. Plaintiff will add minutes to the phones so they continue to receive auto-dialed or prerecorded calls from creditors. See Stoops Depo. at p. 84:24; 85:1-4

  **Plaintiff's Response to No. 11: <u>Denied</u>**

  <u>Disputed</u>. Stoops Depo. at p. 84:24; 85:1-4 is as followed: "Q: Okay. And the purpose of adding minutes is so that they will -- these phones will receive more calls? A: Correct." Plaintiff adds minutes to her phones so they will receive more calls. This excerpt is silent as to "auto-dialed or prerecorded calls from creditors."

  <u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. Supra

  The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

  Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

  12. Once the phones are purchased and charged, Plaintiff simply waits for the phones to ring. When a phone rings, she will sometimes answer the call to identify the caller. See Stoops Depo. at p. 93:2-24.

  **Plaintiff's Response to No. 12: <u>Denied</u>**

  <u>Undisputed</u>. However, Plaintiff would also tell the caller not to call if it was not for her.

See Stoops Depo. at p. 93:9-16. Stoops Decl. ¶¶7-9.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

13. Plaintiff tracks the incoming calls to her 35 plus cell phones on a call logsheet. See Stoops Depo. at p. 150:7-14; Ex. E to Gupta Decl.

**Plaintiff's Response to No. 13**: **Denied**

Disputed as to "35 plus cell phones" as Wells Fargo has not established Plaintiff owns more than 35 phones.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

14. Plaintiff carries all 35 plus phones around with her when she travels so she can continue to record incoming calls. See Stoops Depo. at p. 149:21-24; 150:1-6.

**Plaintiff's Response to No. 14**: **Denied**

Disputed as to "35 plus cell phones" as Wells Fargo has not established Plaintiff owns more than 35 phones.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

15. Occasionally Plaintiff would indicate to the caller to stop calling, but would not do so for every call. See Stoops Depo. at p. 93:5-24; 94:1-5.

**Plaintiff's Response to No. 15: <u>Admitted</u>**

16. Although Plaintiff would occasionally indicate to the caller to stop calling, Plaintiff actually intended for the calls to continue because she "was hopefully going to ask [her] lawyers to do trebling with knowing and willful" violations of the TCPA if they did. See Stoops Depo. at p. 115:10-24; 116:1-11

**Plaintiff's Response to No. 16: <u>Denied</u>**

<u>Undisputed</u>

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

17. Plaintiff admits she assumed the risk of any harm of any injury or damages by intentionally purchasing the more than 35 cell phones for the purpose of bringing TCPA actions. See Stoops Depo. at 122:8-22; Wells Fargo's Requests for Admission to Melody Stoops, No. 54, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to 17: <u>Denied</u>**

<u>Disputed</u> as to "assumed the risk" as Plaintiff cannot admit to a question of law that requires judicial determination.

<u>Disputed</u>. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. See Plaintiff's Response to No. 2. supra. The "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl.

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra. Assumption of risk is also not a viable defense for TCPA claims. See also Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p.12-19.

18. In the span of about one year, Plaintiff's scheme generated at least eleven (11) TCPA cases in this jurisdiction alone, although Plaintiff "[doesn't] know how many" and at least (20) pre-litigation demand letters, although, again, Plaintiff "[doesn't] know" how many. See

Stoops Depo. at p. 36:3-8; 37:4-12; 154:15-24; 155:1-19; Wells Fargo's Notice of Related Cases, Docket 38, at p. 1 to 3 of 4.

**Plaintiff's Response to No. 18: <u>Denied</u>**

<u>Disputed</u> as to the word "scheme" as this word appears nowhere in the Stoops Depo. The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra. The number of other TCPA cases Plaintiff has is irrelevant.

19. Plaintiff's sole source of income and employment in 2014 and 2015 was her TCPA business. See Wells Fargo's Requests for Admission to Melody Stoops, No.'s 26, 28, and 32, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to No. 19: <u>Denied</u>**

<u>Disputed</u>. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. Wells Fargo's RFA Set No. 2 are in all respects an evidentiary nullity. See Plaintiff's Response to No. 2. supra. The "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl.

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2.

20. In 2014, Plaintiff purchased two cell phone numbers for the sole purpose of generating wrong number calls: 863-XXX-6128 and 305-XXX-4589. See Stoops Depo. at p. 92:16-22; 77:15-23; 82:19-24; 83:1-8

**Plaintiff's Response to No. 20: <u>Denied</u>**

<u>Disputed</u> as to the word "sole" as this word appears nowhere in the Stoops Depo.

<u>Disputed</u> as to this assertion referring to the two cell phone numbers 863-XXX-6128 and 305-XXX-4589. The statements Plaintiff made in Stoops Depo. at p. 92:16-22; 77:15-23; 82:19-24; 83:1-8 refer generally to several phones that Plaintiff owns.

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2.

21. Consistent with her overall strategy of generating the highest number of misplaced calls as possible, Plaintiff selected these area codes because she knows the 863 and 305 area codes correspond to economically depressed areas in Florida. See Stoops Depo. at p. 81:18-24; 82:1-24; 83:1-2; 92:1-7; 147:18-24; 148:1-3.

**Plaintiff's Response to No. 21: <u>Denied</u>**

<u>Disputed</u> as to the words "overall strategy" as these words appear nowhere in the Stoops Depo.

<u>Disputed</u> as to "generating the highest number of misplaced calls" by selecting Florida area codes. Plaintiff describes choosing zip codes in Florida because "that's where [she] is most familiar with." See Stoops Depo. at p. 147:18-24; 148:1-6.

<u>Undisputed</u> as to Plaintiff believing Florida is an economically depressed area.

<u>Immaterial</u>. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2. supra.

22. Wells Fargo had two delinquent customers in area codes 863 and 305 that had owned the numbers at issue prior to Plaintiff and consented to receive auto-dialed calls or calls with a prerecorded voice. See Declaration of Mike Nunn Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-4, at p. 2 to 3 of 30; Declaration of Karen Bowman Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-3, at p. 3 to 4 of 4

**Plaintiff's Response to 22**: <u>Admitted</u>.

Wells Fargo's consent of the prior owners to call the numbers is irrelevant to whether Wells Fargo had consent to call Plaintiff on those same numbers for purposes of the TCPA. However, it is relevant that Wells Fargo called those numbers without Plaintiff's prior express consent. See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72; p. 44 ¶ 81. See generally 47 U.S.C. § 227(b)(1)(A)(iii).

23. Wells Fargo placed collection calls to 863-XXX-6128 and 305-XXX-4589, always trying to reach its customer and not the Plaintiff. See Plaintiff's Response to Wells Fargo's Requests for Admission No.'s 1 and 2, attached as Ex. C to Gupta Decl; Declaration of Mike Nunn Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-4, at p. 2 to 3 of 30; Declaration of Karen Bowman Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-3, at p. 3 to 4 of 4.

**Plaintiff's Response to 23**: <u>Admitted</u>.

Wells Fargo's consent of the prior owners to call the numbers is irrelevant to whether Wells Fargo had consent to call Plaintiff on those same numbers for purposes of the TCPA. However, it is relevant that Wells Fargo called those numbers without Plaintiff's prior express consent. See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72; p. 44 ¶ 81. See generally 47 U.S.C. § 227(b)(1)(A)(iii).

24. Plaintiff stipulated that she will not pursue and agrees to waive any and all claims for treble damages pursuant to a "knowing and willful" violation of the TCPA, as set forth in 47 U.S.C. § 227(b)(3). See Joint Stipulation of Facts, Docket 37, p. 1 of 3.

**Plaintiff's Response to 24**: <u>Admitted</u>

25. Plaintiff did not suffer any actual damages in this case. See Plaintiff's Complaint, Docket No. 1-2, at ¶¶ 16-18; See Wells Fargo's Requests for Admission to Melody Stoops No. 55, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to 25**: <u>Denied</u>

Disputed. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. See Plaintiff's Response to No. 2. supra. Wells Fargo's RFA Set No. 2 are in all respects an evidentiary nullity. The "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl.

Immaterial. Plaintiff has Article III standing because she has suffered injury-in-fact as shown in Statement of Facts No. 35 through 40 infra.

26. Plaintiff admits that any harm she suffered as alleged in her complaint was intentionally created by Plaintiff when Plaintiff purchased the cell phones at issue for the purpose of bringing TCPA actions. See Wells Fargo's Requests for Admission to Melody Stoops, No. 53, deemed admitted per Rule 36(a)(3), attached as Ex. B to Gupta Decl.

**Plaintiff's Response to 26: Denied**

Disputed. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem the RFA admitted. Wells Fargo's RFA Set No. 2 are in all respects an evidentiary nullity. See Plaintiff's Response to No. 2. supra. The "Initial Scheduling Order" is attached as **Exhibit A** to the to the Manning Decl.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2.

The numbers associated with Wells Fargo's customers were randomly reassigned to Plaintiff. Plaintiff can only pick a zip code that corresponds to a geographic location. At the time of issuance, Plaintiff's cell phone carrier Tracfone then chooses an area code within that location and randomly generates the remaining digits of the telephone number. See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

Wells Fargo does not allege any procedures in place to avoid calling its clients' cell phones after reassignment. If the numbers had been reassigned to any other individual Wells Fargo would have called that person and that call would also have violated the TCPA. Wells Fargo's violations of law are therefore not the result of any action of or "scheme" by Plaintiff or any person, but rather a result of its reckless and unlawful policies, or lack thereof, related to its calling of reassigned numbers.

27. Plaintiff resides in Pennsylvania with her sister, Taisha Campbell, who has now filed TCPA lawsuits of her own, with attorney Brett Freeman of the Sabatini law firm as Ms. Campbell's attorney of record. See Complaint filed in *Taisha Campbell v. Student Assistance Corporation*, Case No. 2015-3601, filed In the Cambria County Court of Common Pleas on August 31, 2015, attached as Exhibit D to Gupta Decl.; Stoops Depo. at p. 124:17-24; 125:1-23.

**Plaintiff's Response to 27**: **Admitted**

Undisputed.

Immaterial. The motivation for Plaintiff to sue under the TCPA is irrelevant. See Plaintiff's Response to No. 2.

## NEW MATTER

28. Wells Fargo initiated/made at least eighty-five (85) calls to Plaintiff in attempts collect debts on two of its former clients on two telephone numbers, (305) XXX-4589 and (863) XXX-6128 (the "reassigned numbers"), corresponding to cellular phones owned by Plaintiff.

See Joint Stipulation of Facts, Docket 37, p. 1 and 2 of 3. The "Joint Stipulation of Facts" is attached as **Exhibit C** to the Manning Decl.

29. At least twenty-four (24) of the calls to Plaintiff's reassigned numbers resulted in a communication to Plaintiff.

See Joint Stipulation of Facts, Docket 37, p. 1 and 2 of 3. The "Joint Stipulation of Facts" is attached as **Exhibit C** to the Manning Decl.

30. On several occasions Plaintiff answered Wells Fargo's calls to the reassigned numbers and told Wells Fargo to stop calling. Sometimes Plaintiff would speak to a Wells Fargo representative and other times no live person was on Wells Fargo's end of the telephone.

See Joint Stipulation of Facts, Docket 37, p. 1 and 2 of 3. The "Joint Stipulation of Facts" is attached as **Exhibit C** to the Manning Decl. See Stoops Depo. at p. 100:14-17, 106:16-24, 107:1, 108:8-10, 108:19-24, 109:1-10, 113:20-24, 114:1-5, 115:5-9 attached as **Exhibit D** to the Manning Decl. The Declaration of Melody Stoops (Stoops Decl.) ¶¶7, 8, 9.

31. Wells Fargo continued making debt collection calls to the reassigned numbers after Plaintiff directly told its representatives to stop calling and that she was not who they were calling for.

See Joint Stipulation of Facts, Docket 37, p. 1 and 2 of 3. The "Joint Stipulation of Facts" is attached as **Exhibit C** to the Manning Decl. See Stoops Depo. at p. 100:14-17, 106:16-24, 107:1, 108:8-10, 108:19-24, 109:1-10, 113:20-24, 114:1-5, 115:5-9. Stoops Decl. ¶¶7, 8, 9.

32. The reassigned numbers were randomly assigned to Plaintiff with area codes corresponding to the locations within zip codes that Plaintiff provided her cell phone carrier.

See Stoops Depo. at p. 81:18-24, 82:1-7, 147:18-24, 148:1-18. Stoops Decl. ¶¶4, 5.

33. Wells Fargo stipulated that "all of the telephone calls Wells Fargo initiated/made to cell phone numbers 863-XXX-6128 and 305-XXX-4589 ... were made with an 'automatic telephone dialing system' ('ATDS') as defined under the 'Telephone Consumer Protection Act.'"

See Joint Stipulation of Facts, Docket 37, p. 1 of 3. The "Joint Stipulation of Facts" is attached as **Exhibit C** to the Manning Decl.

34. Plaintiff bought the cell phones at issue, activated them, and they were assigned numbers randomly that happened to be numbers of former Wells Fargo clients.

See Stoops Depo. at p. 80:1-11, 81:18-24, 82:1-7, 83:9-16. Stoops Decl. ¶¶2, 3, 4, 5, 7.

35. The cell phones at issue Plaintiff bought are a brand name "Tracfone Wireless" that are initially prepaid for ten (10) minutes of calling time for sixty (60) days.

See Stoops Depo. at p. 81:10-24, 82:1-3, 83:24, 84:1-4. Stoops Decl. ¶3.

36. Plaintiff added minutes to the cell phones with the reassigned numbers using $19.99 "airtime cards."

See Stoops Depo. at p. 84:8-17, , 146:3-6. Stoops Decl. ¶10.

37. Plaintiff added additional minutes the cell phones with the reassigned numbers when they ran out of minutes.

See Stoops Depo. at p. 143:11-19, 146:3-6. Stoops Decl. ¶10.

38. Nobody reimbursed Plaintiff for her purchase of or adding minutes to the cell phones with the reassigned numbers.

See Stoops Depo. at p. 147:5-15. Stoops Decl. ¶11.

39. Plaintiff was charged minutes when Plaintiff answered calls on her cell phones with the reassigned numbers.

See Stoops Depo. at p. 84:24, 85:1-4, 146:3-7. Stoops Decl. ¶12.

40. Plaintiff did not provide Wells Fargo with the reassigned numbers prior to Wells Fargo calling her.

See Stoops Depo. at p. 137:2-20. Stoops Decl. ¶14.

41. Plaintiff does not know the Wells Fargo clients who previously owned the reassigned numbers.

See Stoops Depo. at p. 136:5-24, 137:1. Stoops Decl. ¶13.

42. Wells Fargo's Requests for Admission to Melody Stoops, Set No. 2, Nos. 23 through 55 ("RFA Set No. 2") are not deemed admitted per Rule 36(a)(3).

RFA Set No. 2 is dated November 5, 2015. Per Rule 36(a)(3), time for Plaintiff to respond was December 5, 2015. This Court scheduled December 1, 2015, in its Initial Scheduling Order as the date discovery is closed: "All interrogatories, notices of deposition, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed and filed prior to the close of discovery." Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse does not deem them admitted. Wells Fargo's RFA Set No. 2 was untimely and Plaintiff's nonresponse has no evidentiary effect. Wells Fargo's RFA Set No. 2 are in all respects an evidentiary nullity.

//
//
//
//
//
//
//
//

See the "Initial Scheduling Order" is attached as **Exhibit A** to the Manning Decl. See "Wells Fargo's Requests for Admission to Melody Stoops, Set No. 2, Nos. 23 through 55" attached as **Exhibit B** to the Manning Decl.

By: /s/ *Joseph R. Manning, Jr.*
    Joseph R. Manning, Jr.

Vincent D. Howard, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: vhoward@howardlawpc.com

Gregory H. D. Alumit, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: galumit@howardlawpc.com

Joseph Richard Manning, Jr., pro hac vice
The Law Offices of
Joseph R. Manning, Jr., APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Telephone: 949-200-8755
Email: info@manninglawoffice.com

Glenn C. Romano
Glenn C. Romano, P.C.
3830 Lukens Lane
Hatboro, PA 19040
Telephone: 215-323-4949
Fax: 215-323-4950
Email: glenn@glennromano.com

Attorneys for Plaintiff
MELODY STOOPS