UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY STOOPS,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 3:15-cv-00083-KRG<br><br>U. S. District Judge:<br>  Honorable Kim R. Gibson<br><br>**PLAINTIFF MELODY STOOPS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES** |

# NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Plaintiff Melody Stoops ("Plaintiff") hereby moves for judgment on her claims against Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This Motion is based upon the fact that Wells Fargo made at least eighty-five (85) calls to Plaintiff's cellular telephones using an automated telephone dialing system without Plaintiff's prior express consent in violation of the Telephone Consumer Protection Act.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, Plaintiff's Concise Statement of Undisputed Material Facts, Plaintiff's Appendix in Support of its Motion for Summary Judgment and the documents attached thereto, the Complaint, other records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion.

By: /s/ *Joseph R. Manning, Jr.*
Joseph R. Manning, Jr.

Vincent D. Howard, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: vhoward@howardlawpc.com

Gregory H. D. Alumit, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: galumit@howardlawpc.com

Joseph Richard Manning , Jr., pro hac vice
The Law Offices of
Joseph R. Manning, Jr., APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Telephone: 949-200-8755
Email: info@manninglawoffice.com

Glenn C. Romano
Glenn C. Romano, P.C.
3830 Lukens Lane
Hatboro, PA 19040
Telephone: 215-323-4949
Fax: 215-323-4950
Email: glenn@glennromano.com

Attorneys for Plaintiff
MELODY STOOPS

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

I. INTRODUCTION ...........................................................................................1

II. SUMMARY OF FACTS .................................................................................2

III. LEGAL STANDARD FOR RULE 56 MOTION ...........................................3

IV. ARGUMENT....................................................................................................4

    A. Wells Fargo Called Plaintiff's Cellular Phones Using an ATDS..................................................4

    B. Wells Fargo Did Not Acquire Plaintiff's Prior Express Consent To Call Her..............................4

    C. Plaintiff Owned The Phones When Wells Fargo Called Her..........................................6

    D. There Is No Good Faith Exception Nor Bad Faith Defense To 47 U.S.C. Section 227............6

        1. There Is No Good Faith Exception To 47 U.S.C. Section 227..........................6

        2. There Is No Bad Faith Defense To 47 U.S.C. Section 227..........................7

    E. Deviation From The FCC's Regulations Requires A Hobbs Act Challenge That Is Within The Exclusive Jurisdiction Of The Court of Appeals........................8

V. CONCLUSION

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..........................................................................................3

*Automatic Radio Co. v. Hazeltine*,
    339 U.S. 827 (1950)..........................................................................................4

*De La O v. Housing Auth. Of City of El Paso*,
    417 F.3d 495 (5th Cir. 2005)............................................................................4

*Donahue v. Windsor Bd. of Fire Comm'rs*,
    834 F.2d 54 (2d Cir. 1987)................................................................................3

*FCC v. ITT World Commc'ns, Inc.*,
    466 U.S. 463 (1984).......................................................................................8, 9

*Fitzhenry v. ADT Corporation*,
    2014 U.S. Dist. LEXIS 166243 (S.D. Fla. Nov. 3, 2014).............................7, 8

*Hunt v. Cromartie*,
    526 U.S. 541 (1999)..........................................................................................3

*Mais v. Gulf Coast Collection Bureau, Inc.*,
    768 F. 3d 1110 (11th Cir. 2014).........................................................................8

*Murphy v. Missouri Department of Corrections*,
    372 F.3d 979 (8th Cir. 2004)............................................................................4

*Sw. Bell Tel. v. Ark. Pub. Serv. Comm'n*,
    738 F.2d 901 (8th Cir.1984).........................................................................8, 9

**Statutes**

28 U.S.C. § 2342....................................................................................................8

47 U.S.C. § 227..........................................................................................1, 2, 6, 7

47 U.S.C. § 227(a)(1).............................................................................................1

47 U.S.C. § 227(b)(1)(A)(iii)...............................................................................1, 4

**Rules**

Federal Rules of Civil Procedure Rule 56(e)..................................................................................3

**Other Authorities**

*Ex Parte Letter from Monica S. Desai*, Counsel to Wells Fargo, to Marlene H. Dortch,
Secretary, FCC in CG Docket No. 02-278 (filed July 21, 2014)...................................6, 7

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
Declaratory Ruling and Order 18 F.C.C.R. 14014 (July 3, 2003).......................................7

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
Declaratory Ruling and Order, 30 F.C.C.R. 7961, (June 18, 2015)............................. 1, 5-7

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

Wells Fargo Bank, N.A., ("Wells Fargo") has both affirmatively introduced evidence and stipulated to facts that establish each element of 47 U.S.C. § 227 underlying Melody Stoops' ("Plaintiff") claims – that Wells Fargo used an automatic telephone dialing system[1] ("ATDS") to call her cell phone, not for emergency purposes and without her consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii). It therefore follows that there are no genuine issues as to any material fact in this action and that the Plaintiff is entitled to judgment as a matter of law.

Wells Fargo stipulated with Plaintiff and lodged with this court a Joint Stipulation of Facts establishing that Wells Fargo made at least eighty five (85) calls to Plaintiff's cellular phones using an ATDS.[2] Statement of Facts ¶¶9, 10, 13. Wells Fargo also introduced to this court affidavits from its employees who declare they were calling Plaintiff's phones to contact its customers, not Plaintiff.[3] Statement of Facts ¶¶18, 19. Plaintiff had no contact with Wells Fargo prior to receiving calls on her phones and never provided Wells Fargo with her prior express consent to be called on her phones. Statement of Facts ¶20, 21 "[I]f any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller [Wells Fargo] to prove that it obtained the necessary prior express consent." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling and Order, 30 F.C.C.R. 7961, (June 18, 2015) p.30, ¶47 ("2015 FCC Order"). Plaintiff has suffered injury-in-fact sufficient for Article III standing sufficient for actual damages because she was charged minutes to her prepaid phones when Wells Fargo called her. Statement of Facts ¶¶14-17.

---

[1] An "automatic telephone dialing system" is equipment with the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. *See* 47 U.S.C. § 227(a)(1).

[2] This Joint Stipulation was lodged with this court and was used as an exhibit in Wells Fargo's motion for summary judgment. [See Docket No. 37]

[3] Wells Fargo introduced the declarations of Mike Nunn and Karen Bowman to support its motion to stay and as exhibits for its motion for summary judgment.

Again, the requirements under 47 U.S.C. § 227 are clear and each element of Plaintiff's claims thereunder has been established. As such, there are no genuine issues of fact as to Plaintiff's claims and judgment should be entered in her favor.

## II. SUMMARY OF FACTS

Around June 2014, Plaintiff bought and activated two pre-paid cell phones serviced by carrier "Tracfone Wireless" ("Tracfone"). Statement of Facts ¶1. To activate the two cell phones Plaintiff was required to provide Tracfone with each cell phone's last four digits of its serial number and a zip code of her choosing. Statement of Facts ¶2. Plaintiff provided Tracfone with each phone's last four digits of its serial number and a Florida zip code for each cell phone. Statement of Facts ¶3. Upon activating the cell phones, Tracfone assigned them the telephone numbers by a method unknown to Plaintiff. Statement of Facts ¶4. Around June 2014, Tracfone assigned the two phones the telephone numbers (305) XXX-4589 and (863) XXX-6128 that are the subject of this lawsuit. Statement of Facts ¶5.

Between September 15, 2014, and November 20, 2014, Wells Fargo initiated at least seventy-three (73) telephone calls to the phone number (863) XXX-6128. Statement of Facts ¶9. Wells Fargo's records show that Wells Fargo called (863) XXX-6128 in an effort to contact its mortgage customer with the last name of "Newman." Statement of Facts ¶11. At least nineteen (19) of these telephone calls resulted in a successful communication. Statement of Facts ¶9.

Between September 23, 2014, and November 13, 2014, Wells Fargo initiated at least twelve (12) telephone calls to the phone number (305) XXX-4589. Statement of Facts ¶10. Wells Fargo's records show that Wells Fargo called (305) XXX-4589 in an effort to contact its credit card customer with the last name of "Pereira." Statement of Facts ¶12. At least five (5) of these telephone calls resulted in a successful communication. Statement of Facts ¶10.

On October 21, 2014, Wells Fargo agent Yolanda Watson spoke with Plaintiff. Statement of Facts ¶6. On October 23, 2014, Wells Fargo agent Mariam Aziz spoke with Plaintiff. Statement of Facts ¶7. When Plaintiff talked to Wells Fargo representatives she told them to stop calling her and that she is not the person they are looking for. Statement of Facts ¶8.

- 2 -

The telephone calls Wells Fargo made to (305) XXX-4589 between September 15, 2014, and November 20, 2014 and to (863) XXX-6128 between September 23, 2014, and November 13, 2014, were all made with an ATDS as defined under the TCPA. Statement of Facts ¶13.

The two phones with telephone numbers (305) XXX-4589 and (863) XXX-6128 (the "two phones") were deducted minutes when Plaintiff answered calls from Wells Fargo. Statement of Facts ¶14. When Plaintiff ran out of minutes on each of the two phones she added more minutes using $19.99 "airtime cards." Statement of Facts ¶¶15, 16. Plaintiff alone paid for each of the two phones and for the minutes she added to each of them. Statement of Facts ¶17. Plaintiff does not know the Wells Fargo clients who previously used the telephone numbers (305) XXX-4589 and (863) XXX-6128 Statement of Facts ¶20. Plaintiff did not provide Wells Fargo with either of the telephone numbers (305) XXX-4589 or (863) XXX-6128 prior to Wells Fargo calling her and never told Wells Fargo it could call her on either of those numbers. Statement of Facts ¶18, 19.

### III. <u>LEGAL STANDARD FOR RULE 56 MOTION</u>

Summary judgment is granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding on a motion for summary judgment, the evidence of the non-moving party must be believed as true, all doubts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in the non-moving party's favor. See *Hunt v. Cromartie*, 526 U.S. 541, 550-55 (1999). So long as more than one reasonable inference can be drawn, and that inference creates a genuine issue of material fact, the trier of fact is entitled to decide which inference to believe, and summary judgment is not appropriate. See *Id.* at 552. "[N]ot only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them." *Donahue v. Windsor Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). A genuine issue of material fact exists when the evidence before the court is such that reasonable persons could return a verdict in favor of the non-moving party. See *Anderson v. Liberty Lobby*,

*Inc.*, 477 U.S. 242, 248-52 (1986). A summary judgment affidavit must be made on personal knowledge. Fed. R. Civ. P. 56(e); *Murphy v. Missouri Department of Corrections*, 372 F.3d 979, 982 (8th Cir. 2004). Affidavits based on "information and belief" are not proper. See *Automatic Radio Co. v. Hazeltine*, 339 U.S. 827, 831 (1950); *De La O v. Housing Auth. Of City of El Paso*, 417 F.3d 495, 501-02 (5th Cir. 2005).

## IV. ARGUMENT

In her support for this motion, Plaintiff relies on a Joint Stipulation of Facts agreed upon by Wells Fargo and Plaintiff and on declarations from Wells Fargo's employees. Wells Fargo has submitted all these documents into evidence with this court in its own motion for summary judgment filed on December 10, 2015. This undisputed admissible evidence establishes Wells Fargo's admission to all elements of Plaintiff's claim leaving no issues for trial.

The elements to prove a violation of 47 U.S.C. § 227(b)(1)(A)(iii) are simple. It is unlawful for any person to use an ATDS to call another's cell phone without that person's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

### A. Wells Fargo Called Plaintiff's Cellular Phones Using an ATDS

In the Joint Stipulation of Facts lodged with this court as Docket 37, "Wells Fargo agrees and stipulates that all of the telephone calls Wells Fargo initiated/made to cell phone numbers (305) XXX-4589 and (863) XXX-6128, as specifically set forth in paragraphs 3 and 4 below, were made with an "automatic telephone dialing system as defined under the "Telephone Consumer Protection Act." Statement of Facts ¶13. Paragraphs 3 and 4 of the Joint Stipulation of Facts states that Wells Fargo called these phones a total of eighty-five times between September 2014 and November 2014. Statement of Facts ¶¶9, 10. Based on the undisputed admissible evidence of this stipulation, Wells Fargo called Plaintiff's phones using an ATDS.

### B. Wells Fargo Did Not Acquire Plaintiff's Prior Express Consent To Call Her

Wells Fargo's employees declared by affidavit that when Wells Fargo called Plaintiff's phones they were looking for Wells Fargo customers with last names "Newman" and "Pereira." Statement of Facts ¶¶11, 12. Plaintiff does not know the Wells Fargo clients who previously used the telephone numbers (305) XXX-4589 or (863) XXX-6128. Statement of Facts ¶20.

Plaintiff did not provide Wells Fargo with these telephone numbers prior to Wells Fargo calling her and never told Wells Fargo it could call her on those numbers.. Statement of Facts ¶18, 19.

Furthermore, the FCC has determined that "if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller [Wells Fargo] to prove that it obtained the necessary prior express consent." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* Declaratory Ruling and Order, 30 F.C.C.R. 7961, (June 18, 2015) p.30, ¶47 ("2015 FCC Order"). Wells Fargo has not and will not be able to prove that it obtained Plaintiff's prior express consent to call her.

It does not matter Wells Fargo intended to call someone other than Plaintiff. The FCC held in the 2015 Order that "we decline to interpret 'called party' to mean 'intended party'…". *Id.* at p.44, ¶ 81. This is a well-established principle that was reiterated in the 2015 FCC Order.

Plaintiff had no responsibility to inform Wells Fargo that it was calling the wrong party. The FCC squarely addressed that argument and held:

> We reiterate that the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made using an autodialer, artificial voice, or prerecorded voice.

*Id.* at p. 44, ¶ 81.

Even if Wells Fargo had a reasonable basis to believe it had valid consent to call Plaintiff, which it did not and will be unable to introduce any evidence that it had, Wells Fargo had constructive knowledge that the numbers it called were reassigned.

> We clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such.

*Id.* at p. 40, ¶ 72.

Based on this undisputed admissible evidence of Wells Fargo employees' affidavits, there is no genuine issue that Wells Fargo lacked Plaintiff's prior express consent to call her.

- 5 -

## C. Plaintiff Owned The Phones When Wells Fargo Called Her

Plaintiff bought and activated the two phones around June 2014. Statement of Facts ¶1. Plaintiff's carrier Tracfone assigned the two phones the telephone numbers (305) XXX-4589 and (863) XXX-6128 when Plaintiff activated them in June 2014. Statement of Facts ¶5. Between September 2014 and November 2014, Wells Fargo called the phones at least eighty-five (85) times. Statement of Facts ¶¶9, 10.

On October 21, 2014, Wells Fargo agent Yolanda Watson spoke with Plaintiff. Statement of Facts ¶6. On October 23, 2014, Wells Fargo agent Mariam Aziz spoke with Plaintiff. Statement of Facts ¶7. When Plaintiff talked to Wells Fargo representatives she told them to stop calling her and that she is not the person they are looking for. Statement of Facts ¶8.

Plaintiff's phones were charged minutes when Plaintiff answered calls from Wells Fargo. Statement of Facts ¶14. When Plaintiff ran out of minutes on her phones she added more minutes using $19.99 "airtime cards." Statement of Facts ¶¶15, 16. Plaintiff alone paid for the phones and for the minutes she added to the phones. Statement of Facts ¶17.

Based on the undisputed admissible evidence of Wells Fargo employees' affidavits and the Joint Stipulation of Facts, there is no genuine issue that Wells Fargo did not call Plaintiff when Plaintiff owned the phones.

## D. There Is No Good Faith Exception Nor Bad Faith Defense To 47 U.S.C. Section 227

### *1. There Is No Good Faith Exception To 47 U.S.C. Section 227*

There is no good faith exception for Wells Fargo for calling Plaintiff when it intended to call its customers. As stated earlier in this motion, the FCC held in the 2015 Order that "we decline to interpret 'called party' to mean 'intended party'...". *Id.* at p.44, ¶ 81.

Wells Fargo is well aware of this heightened standard when it petitioned the FCC on this very matter. Footnote 286 of the 2015 FCC Order states: "For example, Wells Fargo argues that 'called party' should be 'interpreted and clarified to mean 'intended recipient' of the call, exempting any call made in good faith to the number last provided by the intended call recipient, until such time when the . . . new party notifies the company that the number has been reassigned." See *Ex Parte Letter from Monica S. Desai*, Counsel to Wells Fargo, to Marlene H.

Dortch, Secretary, FCC in CG Docket No. 02-278, at 7 (filed July 21, 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 44, ¶ 80, FN 286.

> Wells Fargo offers this proposed interpretation after arguing that interpreting "called party" other than "intended recipient" "would be incompatible with the TCPA." *Id.* at 6. We reiterate that the text of the TCPA places no affirmative obligation on new subscribers to a reassigned wireless number to answer calls to which the previous subscriber may have consented, or to place calls in response to voicemail messages left for a previous subscriber in an effort to inform callers that the wireless number has been reassigned. These actions could result in charges to the new subscriber to the reassigned wireless number; we thus find that a contrary view also would be at odds with the TCPA's stated goal of protecting consumers' privacy, and its unique and heightened protections for wireless consumers.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 44, ¶ 80, fn 286. [See *1992 TCPA Order*, 7 FCC Rcd at 8753-54, paras. 2-3; *2003 TCPA Order*, 18 FCC Rcd at 14092, para. 133; *2012 TCPA Order*, 27 FCC Rcd at 1839-40, para. 25.]

### 2. There Is No Bad Faith Defense To 47 U.S.C. Section 227

Nor is there a bad faith defense for Wells Fargo. Plaintiff had no responsibility to inform Wells Fargo that it was calling the wrong party. The FCC addressed that argument and held:

> We reiterate that the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made using an autodialer, artificial voice, or prerecorded voice.

*Id.* at p. 44, ¶ 81. See also *Id.* at p. 51, ¶ 95.

TCPA cases throughout the country have further held that there is no bad faith defense in TCPA cases. "[The trial court's] reliance on the common-law principle of *volenti non fit injuria* (a person is not wronged by that to which he consents) and that an injured party must mitigate his damages is misplaced. There is no duty to mitigate in TCPA cases." *State ex. rel. Charvat v. Frye* (2007) 114 Ohio St. 3d 76; 868 N.E.2d 270, 274; see also *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.* (2004) 139 S.W.3d 342, 347-348.

In *Fitzhenry v. ADT Corporation*, 2014 U.S. Dist. LEXIS 166243 (S.D. Fla. Nov. 3, 2014), the defendants challenged the plaintiff's standing to bring TCPA claims against them,

arguing that the plaintiff was a "professional plaintiff" who "pursues TCPA claims as a source of income." *Id.* at *11. According to the defendants, "because Plaintiff welcomes telemarketing calls to support his TCPA business, he is not in the TCPA's zone of protection." *Id.* at *12.

The *Fitzhenry* court rejected the defendants' argument, holding "Defendants have not cited any authority for the proposition that a professional plaintiff is outside the TCPA's statutory zone of interest. Although Plaintiff may have created a home environment that allows him to document telemarketing calls better than most consumers, the Court is not convinced that Plaintiff is outside of the TCPA's zone of interest." *Id.*

The FCC has affirmatively concluded that there is no good faith exception to conduct in violation of the TCPA, nor was Plaintiff required to mitigate her damages or otherwise contact Wells Fargo about it calling her phones.

### E. Deviation From The FCC's Regulations Requires A Hobbs Act Challenge That Is Within The Exclusive Jurisdiction Of The Court of Appeals

Wells Fargo in its opposition may attempt to persuade this court to reevaluate the FCC's guidance as to the TCPA. The Hobbs Act expressly confers on the federal courts of appeals "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" such FCC orders. 28 U.S.C. § 2342; see *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984) ("Exclusive jurisdiction for review of final FCC orders . . . lies in the Court of Appeals."). The appeals court in *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F. 3d 1110 (11th Cir. 2014), addressed this issue after the district court "concluded that the Federal Communication Commission's interpretation of 'prior express consent' embodied in its 2008 rule was not entitled to any deference because it conflicted with the clear meaning of the TCPA." *Mais*, 868 F. 3d at 1114.

The *Mais* appeals court reiterated that FCC rulings are the exclusive jurisdiction of the courts of appeals which cannot be evaded simply by labeling the proceeding as one other than a proceeding for judicial review. *Mais*, 868 F. 3d at 1120 [quoting *Sw. Bell Tel. v. Ark. Pub. Serv. Comm'n, 738 F.2d 901, 906 (8th Cir.1984).*] Furthermore, "[a] defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a

preemptive strike." *Mais*, 868 F. 3d at 1120 [quoting *Sw. Bell Tel.*, 738 F.2d at 906; see *ITT World Commc'ns*, 466 U.S. at 468, 104 S.Ct. 1936 ]

"Whether the challenge to an FCC order 'arises in a dispute between private parties makes no difference—the Hobbs Act's jurisdictional limitations are 'equally applicable whether [a party] wants to challenge the rule directly ... or indirectly, by suing someone who can be expected to set up the rule as a defense in the suit.'" *Mais*, 868 F. 3d at 1120 [*CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 448 (alterations in original) (quoting *City of Peoria v. Gen. Elec. Cablevision Corp.*, 690 F.2d 116, 120 (7th Cir.1982))]. Therefore, any of Wells Fargo's efforts to circumvent the FCC's express guidance directly or indirectly on the TCPA issues presented by this motion cannot succeed.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Melody Stoops respectfully requests that judgment be entered in her favor as Wells Fargo has admitted to all elements of her claim leaving no issues for trial.

By: /s/ *Joseph R. Manning, Jr.*
Joseph R. Manning, Jr.

Vincent D. Howard, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: vhoward@howardlawpc.com

Gregory H. D. Alumit, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: galumit@howardlawpc.com

Joseph Richard Manning , Jr., pro hac vice
The Law Offices of
Joseph R. Manning, Jr., APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Telephone: 949-200-8755
Email: info@manninglawoffice.com

Glenn C. Romano
Glenn C. Romano, P.C.
3830 Lukens Lane
Hatboro, PA 19040
Telephone: 215-323-4949
Fax: 215-323-4950
Email: glenn@glennromano.com

Attorneys for Plaintiff
MELODY STOOPS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY STOOPS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:15-cv-00083-KRG<br><br>U. S. District Judge:<br>   Honorable Kim R. Gibson<br><br>**CERTIFICATE OF SERVICE**<br><br>FILED ELECTRONICALLY |

## **CERTIFICATE OF SERVICE**

Service is being effected upon counsel for counsel of record via the CM/ECF system.

                                        By: /s/ *Joseph R. Manning, Jr.*
                                            Joseph R. Manning, Jr.

Vincent D. Howard, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: vhoward@howardlawpc.com

Gregory H. D. Alumit, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone: 800-872-5925
Fax: 888-533-7310
Email: galumit@howardlawpc.com

Joseph Richard Manning , Jr., pro hac vice
The Law Offices of
Joseph R. Manning, Jr., APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Telephone: 949-200-8755
Email: info@manninglawoffice.com

Glenn C. Romano
Glenn C. Romano, P.C.
3830 Lukens Lane
Hatboro, PA 19040
Telephone: 215-323-4949
Fax: 215-323-4950
Email: glenn@glennromano.com

Attorneys for Plaintiff
MELODY STOOPS