UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

MELODY STOOPS,

            Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

            Defendant.

Case No. 3:15-cv-00083-KRG

## WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") respectfully submits the following Response to Plaintiff's Concise Statement of Undisputed Material Facts in support of Wells Fargo's Opposition to Plaintiff's motion for Summary Judgment.  This separate statement is submitted pursuant to Western District of Pennsylvania Local Rule 56.C(1).

## WELLS FARGO'S RESPONSE

1.      Around June 2014, Plaintiff bought and activated two pre-paid cell phones serviced by carrier "Tracfone Wireless" ("Tracfone").  See The Declaration of Melody Stoops (Stoops Decl.) ¶¶2, 3.

**Wells Fargo's Response:**

<u>Disputed</u>.  Wells Fargo disputes this paragraph to the extent Plaintiff contends she bought and activated only two pre-paid cell phones.  Plaintiff testified at her deposition that she bought and activated at least 35 cell phones in furtherance of her "TCPA business."  *See* Deposition of Melody Stoops ("Stoops Depo.") at p. 76:15-22; 77:15-24; 78:1-4, attached as Exhibit A to the Declaration of Divya S. Gupta ("Gupta Decl.").

1

Material.  Plaintiff's plan to manufacture TCPA lawsuits and operate a "TCPA business" is material.  As such, Plaintiff's purchase and activation of at least 35 cell phones for the purpose of generating wrong number calls from creditors are material facts.

2.      To activate the two cell phones Plaintiff was required to provide Tracfone with each cell phone's last four digits of its serial number and a zip code of her choosing.  See Stoops Decl. ¶ 4.

Disputed.  Wells Fargo disputes this paragraph to the extent Plaintiff contends she bought and activated only two pre-paid cell phones.  Plaintiff testified at her deposition that she bought and activated at least 35 cell phones in furtherance of her "TCPA business."  *See* Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4.  Further, Plaintiff testified that she selected area codes that she knew to be economically depressed so that she would increase her chances of receiving calls from a creditor.  *See* Stoops Depo. at p. 77:17-24; 78:1-4; 81:18-24; 82:4-18; 84:18-24; 85:1-4; 92:10-14; 124:17-24; 125:1-3.

Material.  Plaintiff's plan to manufacture TCPA lawsuits and operate a "TCPA business" is material.  As such, Plaintiff's purchase and activation of at least 35 cell phones and selection of area codes that would generate wrong number calls from creditors in furtherance of this plan are material facts.

3.      Plaintiff provided Tracfone with each phone's last four digits of its serial number and a Florida zip code for each cell phone.  See Stoops Decl. ¶ 5.

**Wells Fargo's Response:**

Undisputed/Material.

*/ / /*

2

4.      Upon activating the cell phones, Tracfone assigned them telephone numbers by a method unknown to Plaintiff.  See Stoops Decl. ¶6.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes this paragraph to the extent Plaintiff contends she was completely unaware of how Tracfone assigned telephone numbers to a cell phone.  Plaintiff testified at her deposition that she was aware that Tracfone provided a cell phone number based on the area code Plaintiff provided.  *See* Stoops Depo. at p. 81:18-24; 82:4-18; 92:10-14; 124:17-24; 125:1-3.  Plaintiff testified that she supplied area codes to Tracfone for locations she knew to be economically depressed, knowing that Tracfone would assign a telephone number to the economically depressed area code.  *See* Stoops Depo. at p. 82:4-18; 92:10-14; 124:17-24; 125:1-3; 148:21-24.  Plaintiff knew that re-assigned numbers from economically depressed areas were more likely to receive calls from creditors using an automatic telephone dialing system or using a pre-recorded voice.  Accordingly, the reason Plaintiff provided area codes for economically depressed areas was to manufacture TCPA lawsuits.  *See* Stoops Depo. at p. 35:10-24; 36:1-5; 77:15-24; 78:1-4; 84:18-24; 85:1-4; 123:6-16.

Material.  Plaintiff's plan to manufacture TCPA lawsuits and operate a "TCPA business" is material.  As such, Plaintiff's purchase and activation of at least 35 cell phones and selection of area codes that would generate wrong number calls from creditors in furtherance of this plan are material facts.

/ / /

/ / /

/ / /

5.      Around June 2014, Tracfone assigned the two phones the telephone numbers

(305) XXX-4589 and (863) XXX-6128 that are the subject of this lawsuit.  See Stoops Decl. ¶6.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes this paragraph to the extent Plaintiff contends she bought

and activated only two pre-paid cell phones.  Plaintiff testified at her deposition that she

bought and activated at least 35 cell phones in furtherance of her "TCPA business."  *See*

Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4.

Material.  Plaintiff's plan to manufacture TCPA lawsuits and operate a "TCPA business"

is material.  As such, Plaintiff's purchase and activation of at least 35 cell phones and

selection of area codes that would generate wrong number calls from creditors in

furtherance of this plan are material facts.

6.      On October 21, 2014, Wells Fargo agent Yolanda Watson spoke with Plaintiff.

See Joint Stipulation of Facts, Docket 37, p. 2 of 3.  The "Joint Stipulation of Facts" is attached

as Exhibit A to the Manning Decl.  See Stoops Decl. ¶ 14.

**Wells Fargo's Response:**

Undisputed.

Immaterial.  This paragraph contains no material facts.  Plaintiff presents no evidence

whether this conversation was by phone or in person.  Even assuming the conversation

occurred by telephone, Plaintiff presents no evidence whether the telephone call was

made by Plaintiff or by Wells Fargo.  Plaintiff presents no evidence regarding what was

discussed during this conversation, if anything.  To the extent Plaintiff argues she

revoked consent during this conversation, she has presented no evidence of such a

revocation during this conversation.  Even assuming Plaintiff revoked consent during this

conversation, Plaintiff has presented no evidence that Wells Fargo "made" any calls to Plaintiff after this date.

7.      On October 23, 2014, Wells Fargo agent Mariam Aziz spoke with Plaintiff.  See Joint Stipulation of Facts, Docket 37, p. 2 of 3.  The "Joint Stipulation of Facts" is attached as Exhibit A to the Manning Decl.  See Stoops Decl. ¶ 14.

**Wells Fargo's Response:**

Undisputed.

Immaterial.  This paragraph contains no material facts.  Plaintiff presents no evidence whether this conversation was by phone or in person.  Even assuming the conversation occurred by telephone, Plaintiff presents no evidence whether the telephone call was made by Plaintiff or by Wells Fargo.  Plaintiff presents no evidence regarding what was discussed during this conversation, if anything.  To the extent Plaintiff argues she revoked consent during this conversation, she has presented no evidence of such a revocation during this conversation.  Even assuming Plaintiff revoked consent during this conversation, Plaintiff has presented no evidence that Wells Fargo "made" any calls to Plaintiff after this date.

8.      When Plaintiff talked to Wells Fargo representatives she told them to stop calling her and that she is not the person they are looking for.  See Stoops Decl. ¶14.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes that Plaintiff revoked her prior express consent.  To the extent Plaintiff contends she revoked consent during any conversation with a Wells Fargo representative, she has presented no evidence of what was said during such a conversation.  Even assuming Plaintiff presented evidence of what was said during such a

conversation, her uncontroverted testimony at deposition was that she would only tell a caller to stop calling so as to later claim treble damages under the TCPA.  *See* Deposition of Melody Stoops ("Stoops Depo.") at p. 115:10-24; 116:1-11, attached as Exhibit A to the Declaration of Divya S. Gupta ("Gupta Decl.").  In other words, she never revoked consent because, in furtherance of her TCPA business, she continued to expressly desire — as a factual willingness — the receipt of additional calls.

Immaterial.  This paragraph contains no material facts.  Plaintiff presents no evidence when this conversation took place, who she spoke to, or the words she used to purportedly revoke consent.  Thus, Plaintiff presents no evidence of revocation of consent.  Even assuming Plaintiff revoked consent during this conversation, Plaintiff presents no evidence that Wells Fargo "made" any calls to Plaintiff after the unspecified date that Plaintiff claims she asked for the calls to stop.  Indeed, the Declaration of Mike Nunn submitted by Plaintiff in support of her motion specifically states that "Wells Fargo was not informed that the number had changed hands until November 13, 2014.  After this date Wells Fargo stopped all calls to the [Plaintiff's number]."  *See* Dkt. 56-6, ¶ 5.  As such, Plaintiff has failed to carry her prima facie burden of demonstrating that Wells Fargo made calls to her after an express revocation effort.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9.      Between September 15, 2014, and November 20, 2014, Wells Fargo initiated at least seventy-three (73) telephone calls to the phone number (863) XXX-6128.  At least nineteen (19) of these calls resulted in a successful communication.  See Joint Stipulation of Facts, Docket 37, p. 2 of 3.  The "Joint Stipulation of Facts" is attached as Exhibit A to the Manning Decl.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes the phrase "at least" to the extent Plaintiff contends more than the stated calls were initiated by Wells Fargo.  Plaintiff has presented no evidence that Wells Fargo initiated more than seventy-three (73) calls to the phone number ending in 6128.  Plaintiff has presented no evidence that more than nineteen (19) of these initiated calls resulted in a successful communication.

Immaterial.  This paragraph contains no material facts.  Wells Fargo's initiation of calls is not relevant or material.  As discussed in Wells Fargo's Opposition, the relevant inquiry is whether Wells Fargo "made" calls.  Plaintiff presents no evidence that Wells Fargo "made" any calls to Plaintiff's cell phones using an ATDS or prerecorded or automated voice.  Conversely, the undisputed evidence shows that Plaintiff operated a "TCPA business" wherein she admittedly manufactured wrong number calls and TCPA claims.  As such, if any calls were "made," Plaintiff is the "maker" of the calls.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10.     Between September 23, 2014, and November 13, 2014, Wells Fargo initiated at least twelve (12) telephone calls to the phone number (305) XXX-4589.  At least five (5) of these calls resulted in a successful communication.  See Joint Stipulation of Facts, Docket 37, p. 1 of 3. The "Joint Stipulation of Facts" is attached as Exhibit A to the Manning Decl.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes the phrase "at least" to the extent Plaintiff contends more than the stated calls were initiated by Wells Fargo.  Plaintiff has presented no evidence that Wells Fargo initiated more than twelve (12) calls to the phone number ending in 4589.  Plaintiff has presented no evidence that more than five (5) of these initiated calls resulted in a successful communication.

Immaterial.  This paragraph contains no material facts.  Wells Fargo's initiation of calls is not relevant or material.  As discussed in Wells Fargo's Opposition, the relevant inquiry is whether Wells Fargo "made" calls.  Plaintiff presents no evidence that Wells Fargo "made" any calls to Plaintiff's cell phones using an ATDS or prerecorded or automated voice.  Conversely, the undisputed evidence shows that Plaintiff operated a "TCPA business" wherein she admittedly manufactured wrong number calls and TCPA claims. As such, if any calls were "made," Plaintiff is the "maker" of the calls.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11.    Wells Fargo's records show that Wells Fargo called (863) XXX-6128 in an effort to contact its mortgage customer with the last name of "Newman."  See The Declaration of Karen Bowman Supporting Wells Fargo Bank, N.A.'s Motion to Stay Case ("Declaration of Karen Bowman") at ¶3.  The "Declaration of Karen Bowman" is attached as Exhibit B to the Manning Decl.

**Wells Fargo's Response:**

Disputed.  Karen Bowman's Declaration Supporting Wells Fargo's Motion to Stay Case ("Bowman Declaration") states in Paragraph 3 that "collectors in the home mortgage group *dialed* (863) XXX-6128 in an effort to reach mortgage customers with the last name of 'Newman.'" (Emphasis added.)  The cited portions of the Bowman Declaration does not contain evidence that Wells Fargo "made" calls to the number ending in 6128, only that it "dialed" that number.

Immaterial.  This paragraph contains no material facts.  The cited portions of Bowman's declaration does not contain evidence that Wells Fargo "made" calls to the number ending in 6128, only that it "dialed" that number.  Again, however, Wells Fargo's initiation of calls is not relevant or material.  As discussed in Wells Fargo's Opposition, the relevant inquiry is whether Wells Fargo "made" calls.  Plaintiff presents no evidence that Wells Fargo "made" any calls to Plaintiff's cell phones using an ATDS or prerecorded or automated voice.  Conversely, the undisputed evidence shows that Plaintiff operated a "TCPA business" wherein she admittedly manufactured wrong number calls and TCPA claims.  As such, if any calls were "made," Plaintiff is the "maker" of the calls.

12.     Wells Fargo's records show that Wells Fargo called (305) XXX-4589 in an effort to contact its credit card customer with the last name of "Pereira."  See The Declaration of Mike Nunn Supporting Wells Fargo Bank, N.A.'s Motion to Stay Case ("Declaration of Mike Nunn") at ¶3.  The "Declaration of Mike Nunn" is attached as Exhibit C to the Manning Decl.

**Wells Fargo's Response:**

<u>Disputed</u>.  Mike Nunn's Declaration Supporting Wells Fargo's Motion to Stay Case ("Nunn Declaration") states in Paragraph 3 that "collectors in [his] group *dialed* (305) XXX - 4589 in an effort to reach a credit card customer with the last name of 'Pereira.'" (Emphasis added.)  The cited portions of the Nunn Declaration does not contain evidence that Wells Fargo "made" calls to the number ending in 4589, only that it "dialed" that number.

<u>Immaterial</u>.  This paragraph contains no material facts.  The cited portions of Nunn's declaration does not contain evidence that Wells Fargo "made" calls to the number ending in 4589, only that it "dialed" that number.  Again, however, Wells Fargo's initiation of calls is not relevant or material.  As discussed in Wells Fargo's Opposition, the relevant inquiry is whether Wells Fargo "made" calls.  Plaintiff presents no evidence that Wells Fargo "made" any calls to Plaintiff's cell phones using an ATDS or prerecorded or automated voice.  Conversely, the undisputed evidence shows that Plaintiff operated a "TCPA business" wherein she admittedly manufactured wrong number calls and TCPA claims.  As such, if any calls were "made," Plaintiff is the "maker" of the calls.

13.     The telephone calls made by Wells Fargo to (305) XXX-4589 between September 15, 2014, and November 20, 2014, and to (863) XXX-6128 between September 23, 2014, and November 13, 2014, were all made with an ATDS as defined under the TCPA.  See Joint Stipulation of Facts, Docket 37, p. 1 and 2 of 3.  The "Joint Stipulation of Facts" is attached as Exhibit A to the Manning Decl.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes that it "made" any calls to the phone numbers at issue.  Plaintiff has presented no evidence that any such calls were made.  Indeed,  the evidence presented by Plaintiff supporting this paragraph states only that calls were "initiated."  Immaterial.  This paragraph contains no material facts.  Wells Fargo's initiation of calls is not relevant or material.  As discussed in Wells Fargo's Opposition, the relevant inquiry is whether Wells Fargo "made" calls.  Plaintiff presents no evidence that Wells Fargo "made" any calls to Plaintiff's cell phones using an ATDS or prerecorded or automated voice.  Conversely, the undisputed evidence shows that Plaintiff operated a "TCPA business" wherein she admittedly manufactured wrong number calls and TCPA claims.  As such, if any calls were "made," Plaintiff is the "maker" of the calls.

14.     The two phones with telephone numbers (305) XXX-4589 and (863) XXX-6128 (the "two phones") were deducted minutes when Plaintiff answered calls from Wells Fargo.  Stoops Decl. ¶10.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes that Plaintiff answered calls from Wells Fargo.  Plaintiff has presented no evidence that she actually answered any calls from Wells Fargo.  Indeed, this paragraph states that minutes were deducted "when Plaintiff answered calls

from Wells Fargo"; however, Plaintiff presents no evidence that she actually answered any calls from Wells Fargo to the two cell numbers at issue.  Plaintiff merely implies – but does not state – that she answered calls from Wells Fargo.  Yet inferences must be drawn in Wells Fargo's favor on this motion, not in Plaintiff's.

Immaterial.  This paragraph contains no material facts because even if Plaintiff was deducted minutes, those minutes were purchased for the sole purpose of manufacturing standing to sue.  *See* Stoops Depo. at p. 74:14-21; 82:19-24; 83:1-8; 84:18-24; 85:1-4; 123:6-16.

15.     Plaintiff added minutes to each of the two phones using $19.99 "airtime cards." See Stoops Decl. ¶7.

**Wells Fargo's Response:**

Disputed.  Wells Fargo disputes this paragraph to the extent Plaintiff contends she bought and activated only two pre-paid cell phones.  Plaintiff testified at her deposition that she bought and activated at least 35 cell phones in furtherance of her "TCPA business."  *See* Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4.

Material.  Plaintiff's plan to manufacture TCPA lawsuits and operate a "TCPA business" is material.  As such, Plaintiff's purchase, activation, and addition of minutes to at least 35 cell phones for the purpose of generating wrong number calls from creditors are material facts.  That is, even if Plaintiff was deducted minutes, those minutes were purchased for the sole purpose of manufacturing standing to sue.  *See* Stoops Depo. at p. 74:14-21; 76:15-22; 77:17-24; 78:1-4; 82:19-24; 83:1-8; 84:18-24; 85:1-4; 123:6-16.

/ / /

/ / /

16. Plaintiff added additional minutes to each of the two phones when they ran out of minutes. See Stoops Decl. ¶8.

**Wells Fargo's Response:**

Disputed. Wells Fargo disputes this paragraph to the extent Plaintiff contends she bought and activated only two pre-paid cell phones. Plaintiff testified at her deposition that she bought and activated at least 35 cell phones in furtherance of her "TCPA business." *See* Stoops Depo. at p. 35:10-24; 36:1-5; 76:15-22; 77:15-24; 78:1-4. Wells Fargo also disputes this paragraph to the extent Plaintiff contends "the two phones" ran out of minutes as a result of any calls made by Wells Fargo. Plaintiff presents no evidence that "the two phones" actually ran out of minutes and, if so, whether "the two phones" ran out of minutes due to outgoing calls, incoming calls made by third parties, incoming calls made by Wells Fargo, or by some combination.

Material/Immaterial. Plaintiff's plan to manufacture TCPA lawsuits and operate a "TCPA business" is material. As such, Plaintiff's purchase, activation, and addition of minutes to at least 35 cell phones for the purpose of generating wrong number calls from creditors are material facts. However, because Plaintiff presents no evidence in this paragraph that "the two cell phones" actually ran out of minutes or that any minutes were used as a result of calls made by Wells Fargo, this paragraph contains no material facts. Further, even if Plaintiff was deducted minutes, those minutes were purchased for the sole purpose of manufacturing standing to sue. *See* Stoops Depo. at p. 74:14-21; 76:15-22; 77:17-24; 78:1-4; 82:19-24; 83:1-8; 84:18-24; 85:1-4; 123:6-16.

/ / /

/ / /

13

17.     Nobody reimbursed Plaintiff for her purchase of or adding minutes to each of the two phones.  See Stoops Decl. ¶9.

**Wells Fargo's Response:**

Undisputed.

Immaterial.  It is immaterial that Plaintiff was not reimbursed for her purchase of "the two cell phones" or for adding minutes in anticipation of manufacturing TCPA claims. Neither expenditure is a cognizable injury.  *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151, 1155 (2013) (Plaintiff "cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending"); *see also In re Horizon Healthcare Servs., Inc. Data Breach Litig.*, No. CIV.A. 13-7418 CCC, 2015 WL 1472483, at fn. 5 (D.N.J.  Mar. 31, 2015) (standing cannot be created by a party "inflicting harm on themselves").

18.     Plaintiff did not provide Wells Fargo with either of the telephone numbers (305) XXX-4589 or (863) XXX-6128 prior to Wells Fargo calling her.  See Stoops Decl. ¶12.

**Wells Fargo's Response:**

Undisputed/Material.

19.     Plaintiff never told Wells Fargo that it could call her on either of the telephone numbers (305) XXX-4589 or (863) XXX-6128.  See Stoops Decl. ¶13.

**Wells Fargo's Response:**

Undisputed.

Immaterial.  That Plaintiff "never told Wells Fargo that it could call her on either of the telephone numbers" at issue is immaterial in this case because the undisputed evidence nonetheless shows that Plaintiff expressly consented to receipt of autodialed calls before

14

any such calls were made.  *See* Stoops Depo. at p. 35:10-24; 36:1-5; 74:14-21; 76:15-22; 77:15-24; 78:1-4; 81:18-24; 82:4-24; 83:1-8; 84:18-24; 85:1-4; 92:10-14; 115:10-24; 116:1-11; 122:8-22; 123:6-16; 124:17-24; 125:1-3; 149:21-24; 150:1-6.

20.    Plaintiff does not know the Wells Fargo clients who previously used either of the telephone numbers (305) XXX-4589 or XXX-6128.  See Stoops Decl. ¶11.

**Wells Fargo's Response:**

<u>Undisputed</u>.

<u>Immaterial</u>.  That Plaintiff did not conspire with Wells Fargo clients as a part of her scheme to manufacture TCPA lawsuits is immaterial.  Plaintiff has demonstrated that it is indeed possible to manufacture TCPA claims without the collusion of Wells Fargo clients.

## WELLS FARGO'S ADDITIONAL CONCISE STATEMENT OF FACTS

21.    Plaintiff Melody Stoops was convicted of felony theft and felony forgery in 2013 relating to position in medical billing.  Her sentence included, *inter alia,* probation through at least 2017.  *See* Stoops Depo. at p. 54:4-16; 58:6-8; 59:14-23; 61:18-22; 62:5-24, attached as Exhibit A to the Declaration of Divya S. Gupta ("Gupta Decl.").

22.    While serving her probation sentence, Plaintiff devised a scheme to create a for-profit "business" by manufacturing claims against unsuspecting callers.  *See* Stoops Depo. at p. 35:10-24; 36:1-5; 77:15-24; 78:1-4.

23.    Plaintiff's scheme begins with her purchase of  more than 35 cell phones and cell phone numbers with prepaid minutes.  *See* Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4.

24.    The specific purpose of purchasing more than 35 cell phones is to manufacture TCPA lawsuits.  *See* Stoops Depo. at p. 76:15-22; 77:15-24; 78:1-4; 123:6-16.

25.     Plaintiff owns only one personal cell phone: (860) XXX – 4777.  Wells Fargo did not call this phone number.  *See* Stoops Depo. at 74:14-21; Plaintiff's Complaint, ¶¶ 8, 11.

26.     Unlike the purchase of her one personal cell phone, these other 35 plus cell phones were purchased and used solely to bring TCPA lawsuits.  *See* Stoops Depo. at 74:14-21; 77:15-24; 78:1-4; 82:19-24; 83:1-8; 123:6-16.

27.     Plaintiff then carefully selects area codes from locations she knows to be economically depressed.  *See* Stoops Depo. at p. 81:18-24; 82:4-18.

28.     Despite residing in Pennsylvania, she normally selects an area code in Florida "because there is a depression in Florida" and "people would be usually defaulting on their loans or their credit cards."  *See* Stoops Depo. at p. 82:4-18; 92:10-14; 124:17-24; 125:1-3.

29.     Plaintiff purchases these cell phones and cell phone numbers with the specific intent and expectation that the phones will receive calls from creditors seeking to reach the prior owner of the phone number.  *See* Stoops Depo. at p. 35:10-24; 36:1-2; 77:15-24; 78:1-4; 84:18-24; 85:1-4; 123:6-16.

30.     Plaintiff will add minutes to the phones so they continue to receive auto-dialed or prerecorded calls from creditors.  *See* Stoops Depo. at p. 74:14-21; 82:19-24; 83:1-8; 84:18-24; 85:1-4.

31.     Once the phones are purchased and charged, Plaintiff simply waits for the phones to ring.  When a phone rings, she will sometimes answer the call to identify the caller.  *See* Stoops Depo. at p. 93:2-24.

32.     Plaintiff tracks the incoming calls to her 35 plus cell phones on a call logsheet. *See* Stoops Depo. at p. 150:7-14.

33. Plaintiff carries all 35 plus phones around with her when she travels so she can continue to record incoming calls. *See* Stoops Depo. at p. 149:21-24; 150:1-6.

34. Occasionally Plaintiff would indicate to the caller to stop calling, but would not do so for every call. *See* Stoops Depo. at p. 93:5-24; 94:1-5.

35. Although Plaintiff would occasionally indicate to the caller to stop calling, Plaintiff actually intended for the calls to continue because she "was hopefully going to ask [her] lawyers to do trebling with knowing and willful" violations of the TCPA if they did. *See* Stoops Depo. at p. 115:10-24; 116:1-11.

36. Plaintiff admits she assumed the risk of any harm of any injury or damages by intentionally purchasing the more than 35 cell phones for the purpose of bringing TCPA actions. *See* Stoops Depo. at 122:8-22.

37. In the span of about one year, Plaintiff's scheme generated at least eleven (11) TCPA cases in this jurisdiction alone, although Plaintiff "[doesn't] know how many" and at least (20) pre-litigation demand letters, although, again, Plaintiff "[doesn't] know" how many. *See* Stoops Depo. at p. 36:3-8; 37:4-12; 154:15-24; 155:1-19; Wells Fargo's Notice of Related Cases, Docket 38, at p. 1 to 3 of 4.

38. In 2014, Plaintiff purchased two cell phone numbers for the sole purpose of generating wrong number calls: 863-XXX- 6128 and 305-XXX- 4589. *See* Stoops Depo. at p. 92:16-22; 77:15-24; 78:1-4; 82:19-24; 83:1-8; 123:6-16.

39. Consistent with her overall strategy of generating the highest number of misplaced calls as possible, Plaintiff selected these area codes because she knows the 863 and 305 area codes correspond to economically depressed areas in Florida. *See* Stoops Depo. at p. 81:18-24; 82:1-24; 83:1-2; 92:1-7; 147:18-24; 148:1-3.

40.    Wells Fargo had two delinquent customers in  area codes 863 and 305 that had owned the numbers at issue prior to Plaintiff and consented to receive auto-dialed calls or calls with a prerecorded voice.  *See* Declaration of Mike Nunn Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-4, at p. 2 to 3 of 30;  Declaration of Karen Bowman Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-3, at p. 3 to 4 of 4.

41.    Wells Fargo placed collection calls to 863-XXX- 6128 and 305-XXX- 4589, always trying to reach its customer and not the Plaintiff.  *See* Plaintiff's Response to Wells Fargo's Requests for Admission No.'s 1 and 2, attached as Ex. B to Gupta Decl; Declaration of Mike Nunn Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-4, at p. 2 to 3 of 30;  Declaration of Karen Bowman Supporting Wells Fargo Bank N.A.'s Motion to Stay Case, Docket 11-3, at p. 3 to 4 of 4.

42.    Plaintiff stipulated that she will not pursue and agrees to waive any and all claims for treble damages pursuant to a "knowing and willful" violation of the TCPA, as set forth in 47 U.S.C. § 227(b)(3).  *See* Joint Stipulation of Facts, Docket 37, p. 1 of 3.

43.    Plaintiff did not suffer any actual damages in this case.  *See* Plaintiff's Complaint, Docket No. 1-2, at ¶¶ 16-18.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

44.     Plaintiff resides in Pennsylvania with her sister, Taisha Campbell, who has now

filed TCPA lawsuits of her own, with attorney Brett Freeman of the Sabatini law firm as Ms.

Campbell's attorney of record.  *See* Complaint filed in *Taisha Campbell v. Student Assistance

Corporation*, Case No. 2015-3601, filed In the Cambria County Court of Common Pleas on

August 31, 2015, attached as Exhibit C to Gupta Decl.; Stoops Depo. at p. 124:17-24; 125:1-23.

By:_____*/s/ Eric J. Troutman*_____
     Eric J. Troutman

Eric J. Troutman, *pro hac vice*
Divya S. Gupta, *pro hac vice*
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499
Troutman.Eric@Dorsey.com
Gupta.Divya@Dorsey.com

Martin C. Bryce, Jr. (I.D. No. 59409)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
Facsimile: 215.864.8999
bryce@ballardspahr.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.