**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELODY STOOPS,<br><br>        Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:15-cv-00083-KRG |

**WELLS FARGO BANK, N.A.' NON-OPPOSITION TO PLAINTIFF'S SUBMISSION OF NEW EVIDENCE IN OPPOSITION TO WELLS FARGO BANK, N.A.'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

Wells Fargo Bank, N.A. ("Wells Fargo") does not oppose Plaintiff Melody Stoops' ("Plaintiff") submission of evidence of Plaintiff's criminal history pursuant to Plaintiff's motion (Docket ("Dkt.") 68) and the Court's grant of leave to submit such evidence (Dkt. 69). Wells Fargo reserves, however, the question of whether Plaintiff continues to have a felony conviction for purposes of Federal Rule of Evidence 609 in light of this new evidence.[1]

By: */s/ Eric J. Troutman*
Eric J. Troutman, *pro hac vice*
Divya S. Gupta, *pro hac vice*
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499
Troutman.Eric@Dorsey.com
Gupta.Divya@Dorsey.com

Martin C. Bryce, Jr. (I.D. No. 59409)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
Facsimile: 215.864.8999
bryce@ballardspahr.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

---

[1] Courts are split on this issue. The majority of circuit courts of appeal have treated the guilty plea as a conviction, despite a deferred sentence. *United States v. Turner*, 497 F.2d 406, 407-08 (10th Cir. 1974) ("a guilty plea is a confession of guilt and amounts to a conviction," despite deferred judgment resulting in later dismissal); *United States v. Martinez*, 863 F. Supp. 1462, 1468 (D. Kan 1994) ("A guilty plea with suspended sentence is reliable evidence of misconduct equivalent to a conviction for purposes of Rule 609."); *United States v. Wood*, 943 F.2d 1048, 1055 (9th Cir. 1991) (treating defendant's plea of guilty as a conviction under Rule 609 despite the later withdrawal of the plea because withdrawal was not based on a finding of rehabilitation or innocence under Rule 609(c)); *United States v. Collins*, 552 F.2d 243, 248 (8th Cir. 1977); *United States v. Woods*, 696 F.2d 566, 570 (8th Cir. 1982) ("The normal meaning of the term 'conviction' is that criminal proceeding where guilt is determined, either by verdict or plea."). But at least one court in the Eastern District of Pennsylvania has held otherwise. *United States v. Camacho*, No. CRIM.A. 10-170, 2010 WL 5069866, at *2 (E.D. Pa. Dec. 6, 2010) ("[a] deferred adjudication is not a conviction.").

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELODY STOOPS,<br><br>        Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:15-cv-00083-KRG<br><br>**(JUDGE KIM R. GIBSON)**<br><br>FILED ELECTRONICALLY |

## **CERTIFICATE OF SERVICE**

Service is being effected upon counsel for counsel of record via the CM/ECF system.

By: */s/ Eric J. Troutman*
     Eric J. Troutman

Eric J. Troutman, *pro hac vice*
Divya S. Gupta, *pro hac vice*
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499
Troutman.Eric@Dorsey.com
Gupta.Divya@Dorsey.com

Martin C. Bryce, Jr. (I.D. No. 59409)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
Facsimile: 215.864.8999
bryce@ballardspahr.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.