UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY STOOPS,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:15-cv-00083-KRG<br><br>U. S. District Judge:<br>      Honorable Kim R. Gibson |

**PLAINTIFF MELODY STOOPS' NOTICE OF LODGING**
**SUPPLEMENTAL <u>AUTHORITY IN  IN SUPPORT OF HER MOTION FOR</u>**
**<u>SUMMARY JUDGMENT</u>**

   Plaintiff Melody Stoops ("Plaintiff") hereby files this Notice of Supplemental Authority to advise this Court of the following decision, reached after Plaintiff submitted her Reply to her Motion for Summary Judgment on February 29, 2016, which constitutes additional authority in support Plaintiff's Motion for Summary Judgement: *Spokeo Inc. v. Robbins*, 578 U.S. ____ (2016) (Judgment of the Court of Appeals vacated and case remanded for proceeding consistent with the opinion).  A copy of the Slip Opinion of this decision is attached as Exhibit "A."  The Supreme Court remanded this case on the ground that the Ninth Circuit did not address whether particular procedural violations (disclosures of incorrect personal information) entail a degree of risk (of harm) sufficient to meet the concreteness requirement. *Spokeo, Inc.*, 578 U.S., Opinion at p.11.


///

///

In the Syllabus for the decision the Supreme Court summarized what kind of injury is "concrete" to confer standing:

> "This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness. See, e.g., *Clapper v. Amnesty Int'l USA,* 568 U. S. ____. For example, the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure. See, e.g., Restatement (First) of Torts §§569 (libel), 570 (slander per se) (1938). Just as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. See Federal Election Comm'n v. Akins, 524 U. S. 11, 20–25 (1998)

*Spokeo Inc.*, 578 U.S., Opinion at p.10.   Justice Thomas further explained that "[i]f Congress has created a private duty owed personally to Robins to protect his information, then the violation of the legal duty suffices for Article III injury in fact." *Spokeo Inc.*, 578 U.S., Justice Thomas Concurring at p.7.

Here, Plaintiff's private right of action arises out of Wells Fargo Bank, N.A.'s ("Wells Fargo") placing autodialed calls to Plaintiff's cellular phones without her prior express consent *See* 47 U.S.C. § 227(b)(1)(A)(iii).  Unlike in *Spokeo*, violation of Section 227(b) does not involve an injury surrounding any "risk of harm."  Rather, the violation of Wells Fargo's legal duty under Section 227(b) not to call Plaintiff using an autodialer without her express consent is a procedural right that constitutes injury in fact specifically identified by Congress.  The injury identified by Congress in Section 227(b) is the call

itself and not a risk of harm.  Accordingly, the calls made to Plaintiff's phones, which are statutorily concrete and particularized to Plaintiff, thereby conferring standing to Plaintiff.

    Respectfully submitted,

DATED:  May 17, 2016      By: */s/ Joseph R. Manning, Jr.*
    Joseph R. Manning, Jr.

Vincent D. Howard, *pro hac vice*
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone:  800-872-5925
Email: vhoward@howardlawpc.com

Gregory H. D. Alumit, *pro hac vice*
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone:  800-872-5925
Fax: 888-533-7310
Email: galumit@howardlawpc.com

Joseph Richard Manning , Jr., *pro hac vice*
The Law Offices of
Joseph R. Manning, Jr., APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Email: info@manninglawoffice.com

Glenn C. Romano
Glenn C. Romano, P.C.
3830 Lukens Lane
Hatboro, PA 19040
Telephone:  215-323-4949
Fax:  215-323-4950
Email: glenn@glennromano.com

Attorneys for Plaintiff
Melody Stoops