**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Melody Stoops,<br><br>          Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.<br><br>          Defendant. | Civil No. 3:15-cv-00083-KRG<br><br>U.S. District Judge:<br>   Honorable Kim R. Gibson<br><br>**PLAINTIFF MELODY STOOPS' NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES** |

## NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT

Plaintiff Melody Stoops ("Plaintiff") hereby moves to amend the Court's June 24, 2016, Order granting Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment and dismissal, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

This motion is based on the need to correct an error of law that when a federal court lacks subject matter jurisdiction over a case removed from a state court it must remand the case pursuant to the express language of 28 U.S. C. § 1447(c).  *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-14 (3d Cir. 1997).

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, and records on file in this action.

By: */s/ Joseph R. Manning, Jr.*
      Joseph R. Manning, Jr.

Vincent D. Howard, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone:  800-872-5925
Fax: 888-533-7310
Email: vhoward@howardlawpc.com

Gregory H. D. Alumit, pro hac vice
Howard Law, PC
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806
Telephone:  800-872-5925
Fax: 888-533-7310
Email: galumit@howardlawpc.com

Joseph Richard Manning , Jr., pro hac vice
The Law Offices of
Joseph R. Manning, Jr., APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Telephone:  949-200-8755
Email: info@manninglawoffice.com

Glenn C. Romano
Glenn C. Romano, P.C.
3830 Lukens Lane
Hatboro, PA 19040
Telephone:  215-323-4949
Fax:  215-323-4950
Email: glenn@glennromano.com

Attorneys for Plaintiff
MELODY STOOPS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     INTRODUCTION AND PROCEDURAL HISTORY

This motion is based on the need to correct the clear error of law that when a federal court has no subject matter jurisdiction over a case removed from a state court it must remand, and not dismiss on the ground of futility, under the express language of 28 U.S. C. § 1447(c). *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-14 (3d Cir. 1997).

On March 31, 2015, Wells Fargo Bank, N.A. ("Wells Fargo") removed this action from The Court of Common Pleas of Cambria County, Case No. 2015-896 (Dkt. No. 1).  On December 10, 2015, Wells Fargo moved for Summary Judgment (Dkt. No. 44), which the Court granted and ordered that judgment be entered in Wells Fargo's favor on June 24, 2016 (Dkt. No. 79).  However, once the Court determined that it did not have subject-matter jurisdiction over Plaintiff's claim because Plaintiff lacked standing, the Court was obligated to remand the matter back to The Court of Common Pleas of Cambria County.  *See Bromwell* 115 F.3d at 213-14.  Whether the matter is justiciable under state law is a matter for the state court to decide.  *Id.*

### II.    LEGAL STANDARD

The Third Circuit has held that the purpose of a motion for reconsideration under Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A court may grant a motion for reconsideration or alter or amend a judgment if the movant "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### III.   DISCUSSION

#### 1.   This Motion To Amend Judgment Is Timely

Federal Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed R. Civ. P. 59(e).  The Court entered

3

judgment on June 24, 2016, requiring a motion for reconsideration under Rule 59(e) to be filed before July 23, 2016. This motion to amend the judgment is thus timely.

>  2. *The Court Was Required To Remand This Case After It Determined The District Court Lacks Subject Matter Jurisdiction*

28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The court in *Bromwell v. Michigan Mut. Ins. Co.* reiterated that the language of this section is mandatory and that "once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." (citations omitted) *Bromwell*, 115 F.3d at 213-14.

The Court in its June 24, 2016, Order determined that Plaintiff did not establish that she had constitutional or prudential standing to assert her claim, and granted Defendant's motion for summary judgment (Dkt. No. 79). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims and they must be dismissed." *Common Cause of PA v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (*citing Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 5 (3d Cir. 2006)). Because the Court found that Plaintiff did not have constitutional standing to assert her claim, the Court established that it did not have subject matter jurisdiction over this matter. Accordingly, *Bromwell* and section 1447(c) required the Court to remand this case back to The Court of Common Pleas of Cambria County.

The "futility exception" to § 1447(c), which allows a district court to dismiss an action rather than remand it to the state court when remand would be futile because the state court also would lack jurisdiction over the matter, does <u>not</u> apply in the Third Circuit. The *Bromwell* court explained:

> "In light of the express language of § 1447(c) and the Supreme Court's reasoning in International Primate, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the grounds of futility. Having concluded that no such exception exists, it is unnecessary for us to address the Appellees' argument that remand would be futile because the Appellants have also failed to raise a justiciable claim under state law. Once the district court determined that it lacked subject-matter jurisdiction over the Appellant's claim, the district court was obligated to remand the matter to the

4

>state court under the express language of § 1447(c).  Whether the matter is justiciable under state law is a matter for the state court to decide."

*Bromwell*, 115 F.3d at 214.

The Court also found that Plaintiff lacks prudential standing to assert her claim against Defendant (Dkt. No. 79).  The Third Circuit has not yet spoken on the issue of whether prudential standing is jurisdictional and there is currently a circuit split on this issue.[1]  Despite the unsettled question in the Third Circuit of whether a plaintiff's lack of prudential standing also results in a court lacking subject matter jurisdiction, the Court here unquestionably concluded that Plaintiff did not have Article III standing.  In effect, pursuant to § 1447(c) and *Bromwell*, once the Court determined that Plaintiff lacks Article III standing, it was required to remand the case.  The Court was not permitted to consider other arguments raised in Defendant's motion, including whether Plaintiff has prudential standing.

This District Court of Maryland recently addressed this issue on May 19, 2016, in a ruling on a motion to dismiss for lack of standing in a case that was similarly originally removed from state court.  In *Khan v. Children's National Health System* (Case No. TDC-15-2125, Dkt. 34), the court found that plaintiff lacked Article III standing for claims surrounding a data breach of plaintiff's medical records.  *Id*. at p.15.  The *Khan* court concluded that in the absence of Article III standing the court lacked subject matter jurisdiction and remanded the action back to state court.  *Id*.  The court explained that "[t]he plain language of § 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject matter jurisdiction." *Id*. at p. 16 (*citing Roach v. W. Ba Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th

---

[1] *See Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 184–85.  The Fifth, Seventh, Ninth, Tenth, Eleventh, and Federal Circuits have all held that prudential standing is not jurisdictional and is subject to waiver.  *Id.* The Second, Sixth, and D.C. Circuits have held to the contrary.  *See Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000); *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994); *Animal Legal Def. Fund, Inc. v. Espy*, 29 F.3d 720, 723 n.2 (D.C. Cir. 1994); *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994).

Cir. 1996) (*quoting Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).  In the absence of subject matter jurisdiction, the *Khan* court did not consider the remaining arguments of the motion.  *Id*. at p. 15.  Just as this Court is required to do, the *Khan* court followed the plain language of section 1447(c) and remanded the case back to state court.  *Id*. at p.16.

Once the Court here decided that Plaintiff lacked constitutional standing, it was a clear error of law not to remand before final judgment as required by section 1447(c), supported by the *Bromwell* court, and recently exemplified by the *Khan* court.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff Melody Stoops respectfully requests that the judgment entered on June 24, 2016, in Defendant's favor be amended and this case be remanded to The Court of Common Pleas of Cambria County.

By: */s/ Joseph R. Manning, Jr.*
    Joseph R. Manning, Jr.

| | |
|---|---|
| Vincent D. Howard, pro hac vice<br>Howard Law, PC<br>2099 S. State College Blvd., Suite 600<br>Anaheim, CA 92806<br>Telephone:  800-872-5925<br>Fax: 888-533-7310<br>Email: vhoward@howardlawpc.com | Joseph Richard Manning , Jr., pro hac vice<br>The Law Offices of<br>Joseph R. Manning, Jr., APC<br>4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660<br>Telephone:  949-200-8755<br>Email: info@manninglawoffice.com |
| Gregory H. D. Alumit, pro hac vice<br>Howard Law, PC<br>2099 S. State College Blvd., Suite 600<br>Anaheim, CA 92806<br>Telephone:  800-872-5925<br>Fax: 888-533-7310<br>Email: galumit@howardlawpc.com | Glenn C. Romano<br>Glenn C. Romano, P.C.<br>3830 Lukens Lane<br>Hatboro, PA 19040<br>Telephone:  215-323-4949<br>Fax:  215-323-4950<br>Email: glenn@glennromano.com |
| | Attorneys for Plaintiff<br>MELODY STOOPS |