## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

MELODY STOOPS,

               Plaintiff,

     vs.

WELLS FARGO BANK, N.A.,

             Defendant.

Case No. 3:15-cv-00083-KRG

## WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ..................................................................................1

II.    ANALYSIS.............................................................................................3

     A.    The Court Properly Made a Merits Determination That Justifies Entry of Judgment in This Case ...............................................................4

     B.    Plaintiff's Authority Is Not On Point.....................................................7

     C.    Procedural Flaws with Plaintiff's Motion Prevent the Remand She Seeks Anyway...................................................................................11

     D.    In the Alternative, the Court Should Deny Plaintiff's Motion and Certify the Order for Interlocutory Appeal ....................................................12

          1.    The Order will Involve a Controlling Issue of Law...................13

          2.    There are Arguably Substantial Grounds for Difference of Opinion ........14

          3.    As an Alternative to Granting Plaintiff's Motion, Interlocutory Review Materially Advances the Litigation ...............................15

III.    CONCLUSION....................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Civil Liberties Union of Illinois v. City of St. Charles*,
  794 F.2d 265 (7th Cir. 1986) ................................................................2, 6

*American Dental Industries, Inc. v. EAX Worldwide, Inc.*,
  228 F.Supp.2d 1155 (D. Oregon 2002)................................................7

*Bell v. Hood*,
  327 U.S. 678 (1946)..............................................................................5

*Borgen v. United Parcel Serv.*,
  No. 3:05-CV-00056 JWS, 2006 WL 1096628 (D. Alaska Apr. 25, 2006)...........................1, 7

*Bromwell v. Michigan Mut. Ins. Co.*,
  115 F.3d 208 (3d Cir. 1997)........................................................ *passim*

*Burks v. Texas Co.*,
  211 F.2d 443 (5th Cir. 1954) ................................................................7

*In re Carter*,
  618 F.2d 1093 (5th Cir. 1980) ............................................................11

*In re Chocolate Confectionary Antitrust Litig.*,
  607 F.Supp.2d 701 (M.D. Pa. 2009) ...................................................15

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013)..........................................................................5

*Common Cause of PA v. Pennsylvania*,
  558 F.3d 249 (3d Cir. 2009)..........................................................9, 10

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394 (1981)..............................................................................5

*Feidt v. Owens Corning Fiberglas Corp.*,
  153 F.3d 124 (3d Cir. 1998)................................................................12

*Gebbia v. Wal-Mart Stores, Inc.*,
  233 F.3d 880 (5th Cir. 2000) ................................................................7

*Gen. Pub. Util. v. United States*,
  745 F.2d 239 (3d Cir.1984)..................................................................13

*Grinnell Mut. Reinsurance Co. v. Shierk*,
  121 F.3d 1114 (7th Cir. 1997) ........................................................................1, 7

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
  541 U.S. 567 (2004).........................................................................................7

*Hall v. EarthLink Network, Inc.*,
  396 F.3d 500 (2nd Cir. 2005)..........................................................................6

*Hall v. Wyeth, Inc.*,
  No. 10–738, 2010 WL 4925258 (E.D. Pa. Dec. 2, 2010) ......................................14

*Hayes v. Wal-Mart Stores Inc.*,
  No. CIV. 10-460 JBS/KMW, 2014 WL 654542, at *4 (D.N.J. Feb. 20, 2014) ......................5

*Hollingsworth v. Perry*,
  133 S. Ct. 2652 (2013).....................................................................................6

*Khan v. Children's Nat'l Health Sys.*,
  No. CV TDC-15-2125, 2016 WL 2946165 (D. Md. May 19, 2016)......................................10

*Kidd v. Sw. Airlines, Co.*,
  891 F.2d 540 (5th Cir. 1990) ............................................................................3

*Kohen v. Pacific Inv. Management Co. LLC*,
  571 F. 3d 672 (7th Cir. 2009) .......................................................................1, 6

*Katz v. Carte Blanche Corp.*,
  496 F.2d 747 (3d Cir.1974)...............................................................................13

*In re Mushroom Direct Purchaser Antitrust Litig.*,
  54 F. Supp. 3d ..........................................................................................13, 14

*In re Mushroom Direct Purchaser Antitrust Litig.*,
  54 F. Supp. 3d 382, 394 ...................................................................................13

*PAETEC Commc'ns, Inc. v. MCI Commc'ns Servs., Inc.*,
  784 F.Supp.2d 542 (E.D. Pa. 2011) ...................................................................13

*Quackenbush v. Allstate Ins. Co.*,
  517 U.S. 706 (1996)........................................................................................12

*Reisman v. New Hampshire Fire Ins. Co.*,
  312 F.2d 17 (5th Cir.1963) ...........................................................................2, 7

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir.1996) ..............................................................................7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
   303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ................................................................. 1, 6

*Stoops v. Wells Fargo Bank, N.A.*,
   No. CV 3:15-83, 2016 WL 3566266 (W.D. Pa. June 24, 2016) ................................ 3, 4, 5, 12

*Symes v. Harris*,
   472 F.3d 754 (10th Cir. 2006) ................................................................................................. 6

*Thermtron Products, Inc. v. Hermansdorfer*,
   423 U.S. 336 (1976) ............................................................................................................... 12

*Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*,
   594 F.2d 730 (9th Cir. 1979) ................................................................................................... 5

*United States v. Stanley*,
   483 U.S. 669 (1987) ............................................................................................................... 13

*Vexcon Chemicals, Inc. v. Curecrete Chem. Co.*,
   No. CIV. 07-943, 2008 WL 834392 (E.D. Pa. Mar. 28, 2008) ................................................ 7

**Statutes**

28 U.S.C. § 1292(b) ..................................................................................................... 12, 13, 15

28 U.S.C. § 1331 ................................................................................................................... 3, 4

28 U.S.C. § 1447(c) ..................................................................................................... 3, 11, 12

28 U.S.C. § 1447(d) ................................................................................................................. 12

**Other Authorities**

Fed R. Civ. Proc. 59(e) ........................................................................................................ 1, 11

Fed. R. Civ. Proc. 60(b) ..................................................................................................... 11, 12

Fed. R. Civ. Proc. 60(b)(4) ...................................................................................................... 1

# I.      INTRODUCTION

Civil litigation is not a hot potato to be dropped by a federal court every time a Plaintiff cannot prove damages.  As the esteemed Justice Posner recently wrote, that would be an "absurd result" that need not be feared by a defendant (or the court system).  *Kohen v. Pacific Inv. Management Co. LLC*, 571 F. 3d 672, 677 (7th Cir. 2009).  Instead, in those circumstances the proper path is for a judgment on the merits to be entered despite the fact that the absence of damage may have otherwise divested the court of jurisdiction.

This doctrine has long been recognized in diversity cases where, for instance, a Plaintiff fails to obtain a judgment in excess of the $75,000.00 amount in controversy requirement after a trial on the merits.  *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 293, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938);*Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997); *Borgen v. United Parcel Serv*., No. 3:05-CV-00056 JWS, 2006 WL 1096628, at *1 (D. Alaska Apr. 25, 2006).  Courts in those cases do not immediately dismiss the case and allow the plaintiff to try again in state court — that would be, well, absurd.  *Kohen*, 571 F.3d at 677.

But that is the same result Plaintiff Melody Stoops ("Plaintiff") urges here.  After litigating this case to final judgment, she now belatedly seeks a remand to start her case all over again.  Plaintiff's Motion to Amend Judgment ("Motion"), at p. 2.  Her request should not be granted, and for a number of reasons.

First, her motion is littered with procedural flaws.  It is a poorly-disguised and untimely motion for a remand that has been brought under the wrong section of the Federal Rules.  Her motion is not one to amend the judgment at all.  Rather she seeks to void it and set it aside, but that is a motion under Rule 60(b)(4), not Rule 59(e).

But more importantly, however, Plaintiff is wrong on the substance.  The Court can, and properly did, enter judgment in this case.  Plaintiff's inability to demonstrate recoverable real life damage — resulting in an Article III dismissal for lack of "harm" —is a quasi-merits ruling which both ends her federal case today, and prevents a further state suit tomorrow.  *See Am. Civil Liberties Union of Illinois v. City of St. Charles*, 794 F.2d 265, 269 (7th Cir. 1986) ("If a plaintiff merely fails to prove injury, his failure goes to damages [or in an equity case like this, to the right to obtain an injunction], rather than to jurisdiction.  Otherwise the consequence of a failure to prove actual or threatened injury would not be a judgment on the merits for the defendant but a dismissal on jurisdictional grounds that might allow the plaintiff to start the suit over again.").

Plaintiff's reliance on *Bromwell v. Michigan Mut. Ins. Co*., 115 F.3d 208, 213-14 (3d Cir. 1997) is misplaced.  The procedural posture in *Bromwell* was massively different than here.  The lower court in that case was already bound by an earlier court's determination that the case was not yet ripe; a necessary pre-condition to suit had not yet occurred.  It made no merits determinations and entered no judgment.  How could it?  The claim had not yet even arisen.  But that in no way resembles the situation here, where Ms. Stoops' claim fails not due to a curable defect but due to a personal and incurable  defect in her claim.  All of Plaintiff's other authority is to the same effect and all of it is inapposite here.

Going piece by piece: i) the court undoubtedly had jurisdiction to consider the issue of whether Plaintiff suffered harm; ii) the court made a merits determination that the Plaintiff did not suffer harm; iii) nothing occurring in the future could/will change the fact that Plaintiff was not harmed by the calls; and, iv) as a result of the merits determination that Plaintiff was not harmed it properly entered a final judgment in Defendant's favor.  *See, e.g., Reisman v. New Hampshire Fire Ins. Co*., 312 F.2d 17, 19 (5th Cir.1963) (where at the time of removal plaintiff

2

had a good faith claim in excess of the $10,000 jurisdictional threshold, district court's granting of summary judgment as to all claims in excess of $9,000.00 did not divest the court of jurisdiction because "once jurisdiction has attached, it cannot be subsequently divested").

As such, remand pursuant to Section 1447(c) is not appropriate here because there is no dispute that subject matter jurisdiction pursuant to 28 U.S.C. § 1331 existed to litigate the issue of whether or not Plaintiff was harmed.  *See Stoops v. Wells Fargo Bank, N.A*., No. CV 3:15-83, 2016 WL 3566266, at *1 (W.D. Pa. June 24, 2016) ("The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331."); 28 U.S.C. § 1331 (district courts have "<u>original jurisdiction</u> of all civil actions arising under…laws…of the United States."); *see also Kidd v. Sw. Airlines, Co*., 891 F.2d 540, 546 (5th Cir. 1990) (after "removal, a case is tried on the merits without objection, and the federal court enters judgment…[t]he jurisdictional issue on appeal becomes whether the federal district court would have had jurisdiction over the case had it originally been filed in federal court. [*Grubbs v. Gen. Elec. Credit Corp*., 405 U.S. 699, 702 (1972)]. The appellate court must **review the pleadings as they exist at the time that the district court enters judgment**, particularly since federal procedural rules permit the plaintiff to amend the pleadings to cure jurisdictional defects") (Emphasis added).  The pleadings at the time of removal and the time of judgment conferred original jurisdiction under Section 1331. Therefore, remand is not appropriate under 28 U.S.C. 1447(c).  Plaintiff's Motion should be denied.

## II.     ANALYSIS

*Spokeo* identified a new species of Article III analysis that had been detected and hinted at, but never previously articulated.  It identified a gap, in essence, between the elements of a statute and the "case or controversy" requirements of Article III.  No longer can a plaintiff allege

merely "*my rights* were violated"; she must also demonstrate that the violation of the right caused real life harm to prevail.

But this newly articulated analysis creates a wholly new and prickly question — what is to be done with cases where a court enters a *merits* determination that the plaintiff was not harmed by the violation of a federal statute?

Plaintiff urges that the case is to be remanded so that she may start again in state court. As shown below, however, Wells Fargo respectfully suggests that the answer is found in cases where a trial on the merits resulted in a finding that the plaintiff had not been harmed and judgment was, nonetheless, entered in the defendant's favor.

**A.      The Court Properly Made a Merits Determination That Justifies Entry of Judgment in This Case**

There can be no dispute that this Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 at the time of removal.  Indeed, the Court plainly and properly held that it "has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331" in the same order by which it adjudicated the Plaintiff lacked standing to pursue that claim  *Stoops*, 2016 WL 3566266, at *1.  Plaintiff's Motion does not dispute this fact.  Nor can it.  Congress expressly granted "original jurisdiction" to all "civil actions arising under…laws…of the United States." 28 U.S.C. § 1331.

That the Court had jurisdiction over this federal question case at time of removal settles the question presented by Plaintiff's Motion.  Specifically, the Court was properly situated to consider whether Plaintiff suffered any harm by virtue of Wells Fargo's purported violation of the TCPA respecting calls placed to her telephone number.  The Court made its ruling in Wells Fargo's favor and determined that Plaintiff had not been harmed.   This was — without question

4

— a merit's determination. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432–33 (2013) (noting adjudication of plaintiff's damages model is a "merits determination").

The fact that the Court made a merits determination, in turn, means that its ruling has res judicata effect. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). And, as such, Plaintiff may not re-litigate the issues determined by this court in future litigation. *Id.* This is so because the issue has been fully and finally adjudicated. *Id.*

As such, the court unquestionably had jurisdiction to consider whether or not Plaintiff was harmed. *See, e.g., Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) ("[I]f the attack on jurisdiction requires the court to consider the merits of the case, the court has jurisdiction to proceed to a decision on the merits."). It properly found that Plaintiff was not harmed. *Stoops*, 2016 WL 3566266, at *11, 12, 15. Harm is a necessary showing in order for Plaintiff to have standing to pursue her claim. *See Hayes v. Wal-Mart Stores Inc.*, No. CIV. 10-460 JBS/KMW, 2014 WL 654542, at *4 (D.N.J. Feb. 20, 2014) (granting defendant's summary judgment because plaintiff was unable to show necessary harm for Article III standing and noting a motion for summary judgment was "an appropriate procedure to address the standing issue at this stage of the litigation"). *Ipso facto,* the Court's entry of judgment against the named plaintiff was proper. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.").[1]

---

[1] It is telling that Plaintiff did not oppose Wells Fargo's summary judgment motion on this basis and only raised the issue after the fact.

Matters would be different, of course, if the Court lacked jurisdiction to consider the question of harm to Plaintiff to begin with.  In these situations — common where a plaintiff asserts a "generalized grievance" regarding a matter of public policy that does not directly impact him/her — the proper course is for the court to never consider the merits at all.  *E.g. Hollingsworth v. Perry*, 133 S. Ct. 2652, 2659 (2013).  This is so to assure that courts "act as *judges*, and do not engage in policymaking properly left to elected representatives."  *Id.* But here we have something different.  The Court *has* acted as a judge.  Plaintiff lacks standing, true, but not because she was attempting to ask the Court to adjudicate someone else's rights or make a ruling involving public policy.  Rather, her absence of standing is owed to the new breed of standing analysis that *Spokeo* identified — the *Plaintiff's* own statutory rights were violated but that violation did not cause *Plaintiff* any harm.  Thus, the determination of Plaintiff's rights to recover under the statute was unique to her and to her alone; the Court's adjudication of Plaintiff's TCPA claim was not akin to wearing a public policy hat and overstepping its bounds.

This distinction makes a big difference.  Whereas the Court would be categorically prohibited from entering a judgment on someone else's rights in this case, or weighing in on a hypothetical question, an adjudication of the plaintiff's rights is just what the court is supposed to do.  *Spokeo* makes it clear that the adjudication of such rights turns on the presence or absence of harm.  The Court found that harm was lacking and, as such, the proper course is to enter a binding judgment preventing further litigation of these claims.  *See, e.g., St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90; *Kohen*, 571 F.3d at 677; *Am. Civil Liberties Union of Illinois*, 794 F.2d at 269; *Symes v. Harris*, 472 F.3d 754, 759 (10th Cir. 2006); *Hall v. EarthLink Network, Inc*., 396 F.3d 500, 507 (2nd Cir. 2005) (summary judgment reducing damages to less than amount for diversity does not divest the Court of jurisdiction); *Gebbia v. Wal-Mart Stores,*

*Inc*., 233 F.3d 880, 883 (5th Cir. 2000); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d

1114, 1116 (7th Cir. 1997); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 402 (9th

Cir.1996) ("the inability of plaintiff to recover an amount adequate to give the court jurisdiction

does not…oust the jurisdiction."); *Reisman v. New Hampshire Fire Ins. Co*., 312 F.2d 17, 19 (5th

Cir.1963); *Burks v. Texas Co*., 211 F.2d 443, 445 (5th Cir. 1954) ("The amount recovered or the

failure of the plaintiff to recover anything does not determine jurisdiction."); V*excon Chemicals,

Inc. v. Curecrete Chem. Co*., No. CIV. 07-943, 2008 WL 834392, at *2 (E.D. Pa. Mar. 28, 2008)

(judgment entered for defendant upon finding no Article III injury in fact); *Borgen v. United

Parcel Serv*., No. 3:05-CV-00056 JWS, 2006 WL 1096628, at *1 (D. Alaska Apr. 25, 2006)

(federal question and diversity jurisdiction were not divested after summary judgment entered in

favor of defendant); *American Dental Industries, Inc. v. EAX Worldwide, Inc*., 228 F.Supp.2d

1155, 1157 (D. Oregon 2002) (amount in controversy determined at time of removal); *see also

Grupo Dataflux v. Atlas Glob. Grp., L.P*., 541 U.S. 567, 583–84 (2004) ("I do not question this

consistently applied, altogether sensible refusal to allow a losing party, after summary judgment

or an adverse verdict, to assert that all bets are off on the ground that jurisdiction, originally

present, was thereafter divested.") (Ginsberg, R., dissenting).

**B.     Plaintiff's Authority Is Not On Point**

    None of the cases Plaintiff cites stand for a different proposition.  Indeed Plaintiff appears

to be confused about the difference between a judgment on the merits — which was entered here

—and a dismissal due to lack of jurisdiction to consider a hypothetical or unripe question.

    For instance, Plaintiff relies heavily on *Bromwell,* but that case does not help her cause.

At issue in *Bromwell* were rulings by two different district courts.  In the first case the district

court found that the plaintiff lacked Article III standing to pursue an indemnity claim because the

claim was not yet ripe — specifically, an underlying judgment of liability had not yet been entered against the party that was seeking contribution. *Bromwell v. Michigan Mut. Ins*. Co., 115 F.3d 208, 211 (3d Cir. 1997). Without appealing that determination, the plaintiff then filed the same suit in state court, which was then removed by the Defendant back to federal court. *Id.* at 211-12. The plaintiffs timely attacked the removal — asserting the previous district court's ruling was conclusive on the issue that jurisdiction was lacking — and asked for a remand. *Id.* at 212. The second district court failed to remand and, instead, dismissed without prejudice. *Id.* The Third Circuit held that the dismissal was inappropriate and that the case had to be remanded. *Id.* at 214.

Bromwell is different from Plaintiff's case in at least four important respects: i) the *Bromwell* court did not make any merits determinations; ii) the case was unripe, as opposed to barred for lack of harm; iii) judgment was not entered in *Bromwell;* and iv) the plaintiff there timely challenged removal and sought remand. These differences dictated the result in *Bromwell* and elucidate why a different result is necessary here. Specifically, the flaw in the plaintiff's case in *Bromwell* was a lack of ripeness — the claim the plaintiff asserted there had not yet accrued. Thus both lower courts properly refused to exercise jurisdiction over the case and could not entertain merits questions over a hypothetical case. Necessarily, therefore, neither court reached the merits of the claim nor made any merits findings that resulted in the absence of jurisdiction. In addressing the issue on appeal, the Third Circuit first credited the original court's findings on the absence of subject matter jurisdiction and — noting that nothing had changed with respect to the accrual of the plaintiff's claim — upheld the second court's determination that it too lacked subject matter jurisdiction to consider an unripe claim. *Id.* at 212-14.

While it is true that the Third Circuit held that the case should have been remanded and not dismissed, neither district court had yet reached the merits of the dispute, much less entered judgment.  But here, of course, the Court has reached a merits issue — that Plaintiff was not harmed by the calls — and entered a judgment in accord.  Nothing about *Bromwell* suggests that a judgment entered under these circumstances must be set aside or amended.  Unlike the district courts in *Bromwell* — that had no jurisdiction to address the claims at issue *from the start* — this Court did have jurisdiction at time of removal and made a merits determination barring Plaintiff's suit resulting in a proper and final judgment.

*Common Cause of PA v. Pennsylvania*, 558 F.3d 249 (3d Cir. 2009) is not much better. The plaintiffs in that case alleged that members of the Pennsylvania Supreme Court traded judicial decisions favorable to the Pennsylvania General Assembly in return for the legislature's funding the state judiciary.  *Id.* at 253.   But the plaintiffs did not show that they had been individually harmed in any particular manner by this alleged misconduct.  Accordingly the court found that the plaintiffs were asserting mere generalized grievances: "[c]learly these allegations, which challenge the legislative process, are insufficient to allege more than a generalized, abstract grievance, shared by all Pennsylvania citizens."  *Id*. at 262.  For instance, the court found that the plaintiffs had asserted a mere hypothetical risk of harm: "they allege, in the abstract, that if [the] Plaintiffs had brought suit in Pennsylvania courts challenging Act 44, they would not have had an impartial decision maker."  *Id.* at 263.  This, the Third Circuit determined, was insufficient and the case was dismissed.  *Id*. at 267-68.

Again, however, Ms. Stoops' case is very different from *Common Cause of PA* and in a material way.  Obviously the Third Circuit could not consider a hypothetical challenge to the lack of an impartial decision maker in a case against that had never even been filed.  As a result,

no merits determinations were made in *Common Cause of PA* and the case was dismissed to await the day that a proper plaintiff might come along to challenge the purported scheme.  Here, however, Ms. Stoops was not asserting a generalized grievance — she was suing to assert her own statutory rights but without the harm required to assert those rights.  A merits determination *was* made on those rights and a judgment was properly entered foreclosing them.  While Plaintiff might appeal the Court's decision if she believes an error was made, nothing in *Common Cause of PA* suggests that she may now begin her crusade over again at the state court level.

Finally Plaintiff relies on *Khan v. Children's Nat'l Health Sys.*, No. CV TDC-15-2125, 2016 WL 2946165, at *1 (D. Md. May 19, 2016).  *Kahn* is a well-reasoned decision and appears correctly decided.  But it too is inapposite here.  The Plaintiff in the *Kahn* case was an identity theft victim who has not *yet* suffered any harm as the result of the theft.  *Id.* at *1, 6.  Because the plaintiff could not show harm the court determined that she lacked Article III standing to assert her claim and remanded.  *Id.* at *6-7.  It did so without passing on the merits of the plaintiff's claims because — much like the cause of action in *Bromwell* that had not yet accrued — it might be possible that harm would be suffered down the line.  *If* that happened, *then* the *Kahn* plaintiff would be invited right back into federal court.  Obviously, therefore, a judgment against Ms. Kahn would not be appropriate and her as-of-yet-incomplete claim should remain intact for further determination if she ever does suffer tangible harm as a result of the data theft.

But matters are, once again, different concerning Ms. Stoops.  There is no need to "wait and see" whether harm might occur in the future.  The calls at issue have already taken place and the court has already determined that no harm has been caused.  As such the proper step was to do just what the court did — enter judgment in Wells Fargo's favor.  Nothing in *Bromwell, Common Cause PA,* or *Kahn* suggest otherwise.

10

**C.      Procedural Flaws with Plaintiff's Motion Prevent the Remand She Seeks Anyway**

Even if Plaintiff is right on the substance — and she is not — her Motion is riddled with procedural flaws that require its denial anyway.

At the outset, Plaintiff does not dispute this Court's authority to enter judgment in this case.  Indeed, Plaintiff expressly requests this Court to enter an amended or modified judgment pursuant to Rule 59(e).  Motion, at pp. 2, 3, 6.  Rule 59(e) permits a party to bring a "motion to alter or amend a judgment" if it is filed no later than 28 days after the entry of the judgment.  *Cf.,* Fed. R. Civ. Proc. 60(b) (granting the Court authority to relieve a party from "a final judgment" upon a motion brought under that subsection and for the stated reasons).

But the modification Plaintiff seeks is an odd one.  Plaintiff moves to amend the final judgment to include remand to State Court pursuant to 28 U.S.C. § 1447(c).  Motion, at p. 2. However, the Court's authority to remand a case ends after final judgment has been entered.

Indeed, Section 1447(c) states, in pertinent part, that "[i]f at any time *before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (Emphasis added); *see In re Carter*, 618 F.2d 1093, 1099–100 (5th Cir. 1980) ("Because issued after the entry of final judgment, the remand order in this case was not, and could not have been, issued under the authority of s 1447(c)[.]").  Unlike a timely remand, "[a]n order of remand after entry of final judgment no longer fosters prompt resolution of the merits of the case, but serves instead only to delay final resolution by subjecting the litigants to a second, and the state court to a possibly duplicative, trial of the same matter."  *Id*. at 1099.

The justification underlying Plaintiff's odd request is rather obvious — she has missed the deadline to file a motion to seek removal.  *See* 28 U.S.C. § 1447(c).  That deadline is jurisdictional and the court may not consider a motion after the 30 days have run.  *Id.*  So

Plaintiff attempts to back-door a motion she is not entitled to bring by seeking relief she is not entitled to seek — and under the wrong statute.[2]

The Court should not entertain any of this.  The Court properly issued its Order granting Wells Fargo's motion for summary judgment on June 24, 2016.  *Stoops,* 2016 WL 3566266, at *1.  The Court thereafter entered final judgment on July 7, 2016.  *See* Judgment, Doc. 80. Plaintiff filed her Motion on July 8, 2016.  *See* Doc. 81.  Because the Court had rendered final judgment at the time Plaintiff sought remand, Plaintiff's Motion must be denied.

**D.      In the Alternative, the Court Should Deny Plaintiff's Motion and Certify the Order for Interlocutory Appeal**

For the foregoing reasons, Plaintiff's Motion should be denied outright.  However, as an alternative to granting Plaintiff's Motion, the Court should deny the Motion and seek appellate guidance *sua sponte* pursuant to its authority under 28 U.S.C. § 1292(b).

Granting Plaintiff's Motion would deprive the Court, the parties, and future litigants of any guidance from the Third Circuit.  This is so because an order *granting* a motion for remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) is not reviewable on appeal.  *See* 28 U.S.C. § 1447(d); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976) *abrogated in part by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, (1996); *Feidt v. Owens Corning Fiberglas Corp*., 153 F.3d 124, 130 (3d Cir. 1998).  In contrast, an order *denying* a motion for remand is not subject to such restrictions.  As an alternative to granting Plaintiff's Motion, the Court should therefore *deny* Plaintiff's Motion and certify the order for interlocutory appeal.

---

[2] Really Plaintiff's motion is one to *void* rather than *amend* the judgment.  That must be done under Rule 60(b).  Her motion is, therefore, insufficiently noticed and supported.

The Court need not wait for the parties to move for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Court has authority under § 1292(b) to certify its orders *sua sponte*.  *See United States v. Stanley*, 483 U.S. 669, 673 (1987); *Gen. Pub. Util. v. United States*, 745 F.2d 239, 240 (3d Cir.1984); *In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d 382, 394, fn. 19 (E.D. Pa. 2014).

Three elements are required for certification under § 1292(b): (1) the order involves a controlling issue of law; (2) a substantial ground for difference of opinion exists regarding the resolution of the issue; and (3) an immediate appeal will materially advance the ultimate termination of the litigation.  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754–55 (3d Cir.1974); *In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d at 394.

While the Court of Appeals' review is not limited to the specific question certified by the District Court,[3] Wells Fargo respectfully suggests certification of the following question: Whether a district court must remand a case to the state court where it was originally filed after there is a determination on the merits that the plaintiff did not suffer any actual harm under the TCPA.

### 1.    The Order will Involve a Controlling Issue of Law

A controlling issue of law is "one which either, if decided erroneously, would lead to reversal on appeal, or is 'serious to the conduct of the litigation either practically or legally.'" *In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d at 394.   On the practical level,

---

[3] Under § 1292(b), the Court of Appeals' review "is not limited to the specific questions certified by the District Court. Rather, [it] may address any issue fairly included within the certified order because it is the order that is appealable...." *PAETEC Commc'ns, Inc. v. MCI Commc'ns Servs., Inc.,* 784 F.Supp.2d 542, 549 (E.D. Pa. 2011), *quoting NVE, Inc. v. Dep't of Health and Human Servs.,* 436 F.3d 182, 196 (3d Cir. 2006).

"saving of time of the district court and of expense to the litigants [is] deemed ... to be a highly relevant factor."  *Id.*

Here, the controlling issue of law is whether a district court must remand a case to the state court where it was originally filed after there is a determination on the merits that the plaintiff did not suffer any actual harm under the TCPA.  Although Wells Fargo contends the correct result is to deny Plaintiff's Motion, it concedes that if, in fact, it is error to deny Plaintiff's Motion, that error would presumably lead to reversal on appeal.

In addition, the issue of whether to remand is "serious to the conduct of the litigation" both practically and legally.  Legally, the issue controls whether this case ends here in District Court or continues in the original state court where it was filed.  It determines, for instance, whether, as a matter of law, the parties may seek further appeal of this matter in the Third Circuit or re-litigate this case from scratch in state court.  Of course this also has significant and obvious practical implications regarding the expenditure of time and money.  Ending the case where it should, in federal court, will result in substantial savings to the court system and to the parties.  Starting from square one in state court will not.  Thus, the order will involve a controlling issue of law.

### 2.      There are Arguably Substantial Grounds for Difference of Opinion

"Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard."  *Hall v. Wyeth, Inc.*, No. 10–738, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010), *quoting Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02–7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005).

While Wells Fargo contends the Court should deny Plaintiff's Motion for the aforementioned reasons, it concedes that in this post-*Spokeo* environment it is possible other

14

courts grappling with this issue may analyze it differently, rightly or wrongly.  Accordingly, the Court may reasonably conclude that there is "genuine doubt" as to the correct legal standard where, as here, there is a determination on the merits that the plaintiff did not suffer any actual harm under the TCPA.

### 3. As an Alternative to Granting Plaintiff's Motion, Interlocutory Review Materially Advances the Litigation

Finally, interlocutory review materially advances the litigation where the appeal may "eliminate the need for a trial, [or] simplify a case by foreclosing complex issues...." *In re Chocolate Confectionary Antitrust Litig.,* 607 F.Supp.2d 701, 707 (M.D. Pa. 2009).

Again, Wells Fargo contends Plaintiff's case has appropriately taken its last breath here in federal court – her request for resurrection in state court should be denied.  However, in the alternative to an order granting Plaintiff's Motion, it is in the interests of justice and judicial economy to deny the Motion and certify an interlocutory appeal.  Such an appeal may eliminate the need for *any* further proceedings in this case where it is correctly determined that remand is not permitted in the circumstances presented here.[4]

This Court should therefore alternatively deny Plaintiff's Motion and certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied or, alternatively, denied and certified for appeal pursuant to 28 U.S.C. § 1292(b).

---

[4] Beyond this case, the appeal would allow for Third Circuit guidance that could inform future courts and litigants likely to face this issue post-*Spokeo*.

DATED this 1st day of August, 2016.

By: */s/ Divya S. Gupta*_____
     Divya S. Gupta

Eric J. Troutman, *pro hac vice*
Divya S. Gupta, *pro hac vice*
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499
Troutman.Eric@Dorsey.com
Gupta.Divya@Dorsey.com

Martin C. Bryce, Jr. (PA59409)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
Facsimile: 215.864.8999
bryce@ballardspahr.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

MELODY STOOPS,

               Plaintiff,

    vs.

WELLS FARGO BANK, N.A.,

             Defendant.

Case No. 3:15-cv-00083-KRG

**(JUDGE KIM R. GIBSON)**

FILED ELECTRONICALLY

**CERTIFICATE OF SERVICE**

Service is being effected upon counsel for counsel of record via the CM/ECF system.

By: */s/ Divya S. Gupta*
      Divya S. Gupta

Eric J. Troutman, *pro hac vice*
Divya S. Gupta, *pro hac vice*
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499
Troutman.Eric@Dorsey.com
Gupta.Divya@Dorsey.com

Martin C. Bryce, Jr. (PA59409)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
Facsimile: 215.864.8999
bryce@ballardspahr.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

17