IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELODY STOOPS, | ) | |
| | ) | CIVIL ACTION NO. 3:15-83 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

**I.      Introduction**

This matter comes before the Court upon Plaintiff's motion to amend the judgment entered on June 24, 2016.  (ECF No. 81.)  This matter has been fully briefed (*see* ECF Nos. 81, 86, 89) and is ripe for disposition.  For the reasons that follow, Plaintiff's motion to amend the judgment will be **DENIED**.

**II.     Jurisdiction and Venue**

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391.

**III.    Background**

The following facts, which the Court has previously set forth in its June 24, 2016, memorandum opinion, are not in dispute.  In June 2014, Plaintiff bought and activated pre-paid cell phones that were serviced by Tracfone Wireless ("Tracfone").  (ECF Nos. 56-1 ¶ 1; 65-1 ¶ 1.)  To activate the cell phones, Plaintiff provided Tracfone with the last four digits of each cell

phone's serial number and a zip code of her choosing. (ECF Nos. 56-1 ¶ 2; 65-1 ¶ 2.)  Plaintiff selected Florida zip codes, and Tracfone assigned telephone numbers for each cell phone. (ECF Nos. 56-1 ¶¶ 3-4; 65-1 ¶¶ 3-4.)  Despite residing in Pennsylvania, Plaintiff selected locations in Florida that she knew to be economically depressed "'because there is a depression in Florida,'" where "'people would be usually defaulting on their loans or their credit cards,'" and because it is the location with which "'[she] is most familiar.'" (ECF Nos. 44-1 ¶¶ 8-9 (quoting ECF No. 44-4 at 16); 54-1 ¶¶ 8-9 (quoting ECF No. 54-7 at 35-36).)

Plaintiff has purchased at least thirty-five cell phones and cell phone numbers with prepaid minutes for the purpose of filing lawsuits under the Telephone Consumer Protection Act ("TCPA"). (*See* ECF Nos. 44-1 ¶¶ 3-4, 7; 54-1 ¶¶ 3-4, 7.)  Plaintiff added minutes to her cell phones by buying "airtime cards" for $19.99 so that the cell phones would receive more calls. (*See* ECF Nos. 44-1 ¶¶ 10-11; 54-1 ¶¶ 10-11; 56-1 ¶¶ 15-16; 65-1 ¶¶ 15-16.)  She was not reimbursed for the purchase of the cell phones or for adding minutes to the cell phones. (ECF Nos. 56-1 ¶ 17; 65-1 ¶ 17.)

After purchasing and charging the cell phones, Plaintiff waited for them to ring and sometimes answered the calls to identify the caller. (ECF Nos. 44-1 ¶ 12; 54-1 ¶ 12.)  Plaintiff tracks the incoming calls to her cell phones on a call log sheet. (ECF Nos. 44-1 ¶ 13; 54-1 ¶ 13.)  She carries her cell phones with her when she travels so that she can continue to record the incoming calls. (ECF Nos. 44-1 ¶ 14; 54-1 ¶ 14.)  Although Plaintiff occasionally informed the caller to stop calling, she intended for the calls to continue because she "'was hopefully going to ask [her] lawyers to do trebling with knowing and willful'" violations of the TCPA if they did.

(ECF Nos. 44-1 ¶¶ 15-16 (quoting ECF No. 44-4 at 23); 54-1 ¶¶ 12, 15-16.)  Plaintiff has filed at least eleven TCPA cases in this jurisdiction, although she "[does not] know how many," and has sent at least twenty pre-litigation demand letters, although she "[does not] know" how many. (ECF Nos. 44-1 ¶ 18 (quoting ECF No. 44-4 at 5-6, 33-34); 54-1 ¶ 18.)  Plaintiff's sister, Taisha Campbell, has also filed TCPA lawsuits of her own.  (ECF Nos. 44-1 ¶ 27; 54-1 ¶ 27.)

    In 2014, Plaintiff bought two cell phones that were assigned (863) XXX-6128 and (305) XXX-4589 as telephone numbers.  (ECF Nos. 44-1 ¶ 20; 54-1 ¶ 20.)  Plaintiff selected these area codes because she was familiar with the areas and because she believed that the areas were economically depressed.  (ECF Nos. 44-1 ¶ 21; 54-1 ¶ 21.)  Defendant had two delinquent customers in area codes 863 and 305 who had owned the telephone numbers prior to Plaintiff and consented to receiving auto-dialed calls or calls with a prerecorded voice.  (ECF Nos. 44-1 ¶ 22; 54-1 ¶ 22.)

    On October 21, 2014, Defendant's agent, Yolanda Watson, spoke with Plaintiff.  (ECF Nos. 56-1 ¶ 6; 65-1 ¶ 6.)  On October 23, 2014, Defendant's agent, Mariam Aziz, spoke to Plaintiff.  (ECF Nos. 56-1 ¶ 7; 65-1 ¶ 7.)  Between September 15, 2014, and November 20, 2014, Defendant initiated seventy-three telephone calls to the telephone number (863) XXX-6128, and nineteen of these calls resulted in successful communication.  (ECF Nos. 56-1 ¶ 9; 65-1 ¶ 9.)  Collectors in Defendant's home mortgage group dialed the telephone number in an effort to reach customers with the last name of "Newman."  (ECF Nos. 56-1 ¶ 11; 65-1 ¶ 11.)  Between September 23, 2014, and November 13, 2014, Defendant initiated twelve telephone calls to the telephone number (305) XXX-4589, and five of these calls resulted in successful communication.

(ECF Nos. 56-1 ¶ 10; 65-1 ¶ 10.)  Defendant's collectors dialed the telephone number in an effort

to reach customers with the last name of "Pereira."  (ECF Nos. 56-1 ¶ 12; 65-1 ¶ 12.)  Plaintiff

did not provide Defendant with either of these telephone numbers and did not inform

Defendant that it could call her at the telephone numbers.  (ECF Nos. 56-1 ¶¶ 18-19; 65-1 ¶¶ 18-

19.)  She does not know Defendant's previous customers who used the telephone numbers.

(ECF Nos. 56-1 ¶ 20; 65-1 ¶ 20.)  Defendant placed the calls to (863) XXX-6128 and (305) XXX-

4589 in an attempt to reach its customers, not Plaintiff.  (ECF Nos. 44-1 ¶ 23; 54-1 ¶ 23.)

Plaintiff filed a complaint in the Court of Common Pleas of Cambria County on March 4,

2015.  (ECF No. 1-2.)  Defendant removed the matter to this Court on March 31, 2015, (see ECF

No. 1), and filed an answer to the complaint (ECF No. 5).   Defendant filed a motion for

summary judgment, (ECF No. 44), and Plaintiff filed a cross-motion for summary judgment,

(ECF No. 56).  After holding oral argument, the Court granted Defendant's motion for summary

judgment and denied Plaintiff's cross-motion for summary judgment.  (ECF No. 79.)  On July 8,

2016, Plaintiff filed a motion to amend the judgment, to which Defendant responded on August

1, 2016.  (ECF Nos. 81, 86.)  Plaintiff filed a reply on August 11, 2016, and this matter is now ripe

for disposition.  (ECF No. 89.)

## IV.    Applicable Law

Plaintiff moves to amend the judgment pursuant to Federal Rule of Civil Procedure

59(e).  (ECF No. 81 at 3.)  A court may alter or amend a judgment pursuant to Rule 59(e) if the

party seeking reconsideration establishes at least one of the following grounds:   (1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

4

correct clear error of law or prevent manifest injustice.  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As this Court has stated, a motion for reconsideration will not be granted "when the motion simply restyles or rehashes issues previously presented."  *N. Am. Communs., Inc. v. InfoPrint Solutions Co., LLC*, 817 F. Supp. 2d 623, 640 (W.D. Pa. 2011) (internal quotations omitted); *see also Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration").  "A motion for reconsideration addresses only factual and legal matters that the court may have overlooked[;] . . . [b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *N. Am. Communs., Inc.*, 817 F. Supp. 2d at 640 (internal quotations and citations omitted).

V.     **Discussion**

Plaintiff argues that the Court erred by failing to remand this action to the Court of Common Pleas of Cambria County after determining that it lacked subject-matter jurisdiction. (ECF No. 81 at 4.)  Specifically, Plaintiff asserts that because the Court concluded that she lacked constitutional standing, it was required to remand the matter to the state court.  (*Id.* at 4-5.) After noting that the Third Circuit Court of Appeals has not yet addressed whether a plaintiff's lack of prudential standing results in a lack of subject-matter jurisdiction, Plaintiff urges the Court to follow *Khan v. Children's National Health System*, No. 15-CV-2125, 2016 U.S. Dist. LEXIS

66404 (D. Md. May 18, 2016), wherein the District Court determined that the plaintiff lacked Article III standing and remanded the case to state court. (*Id.* at 5-6.)

In response, Defendant first notes that the Court had subject-matter jurisdiction, pursuant to 28 U.S.C. § 1331, over this matter and properly considered whether Plaintiff suffered any harm. (ECF No. 86 at 9.) Defendant argues that, as a result of the res judicata effect of the Court's decision, Plaintiff may not relitigate the issues that have been fully and finally adjudicated. (*Id.* at 10-12.) Defendant also contends that Plaintiff's motion is untimely because 28 U.S.C. § 1447(c) provides that a motion to remand must be filed within thirty days after an action has been removed. (*Id.* at 16-17.)

In her reply, Plaintiff argues that the Court must remand her case because the Third Circuit has held that 28 U.S.C. § 1447(c) "'is mandatory'" and that "'once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court.'" (ECF No. 89 at 2 (quoting *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997)).) Plaintiff further contends that failing to remand the case will intrude upon the power reserved to the states to adjudicate controversies in their courts. (*Id.* at 3-4.) After noting that she did not voluntarily present federal claims when she filed her case in state court, Plaintiff asserts that even cases presenting federal questions must be remanded if there is no subject-matter jurisdiction. (*Id.* at 5-6.)

As an initial matter, the Court notes that the cases upon which Plaintiff relies are unpersuasive. First, Plaintiff's reliance upon *Bromwell* is misplaced because standing was not at issue in the case. Rather, the District Court dismissed the first declaratory judgment action for

6

lack of subject-matter jurisdiction after a realignment of the parties destroyed the diversity of citizenship and dismissed a second declaratory judgment action for failure to allege a "case or controversy" sufficient to invoke the federal court's subject-matter jurisdiction. *Bromwell*, 115 F.3d at 211. As Plaintiff has argued, the issue here is whether prudential standing results in a lack of subject-matter jurisdiction. (ECF No. 81 at 5.) The Court therefore finds that *Bromwell* is factually distinguishable from the instant matter. Similarly, the Court concludes that *Common Cause v. Pennsylvania*, 558 F.3d 249 (3d Cir. 2009), is inapplicable because while the Third Circuit concluded that the plaintiffs did not have prudential standing, it did not address whether the lack of prudential standing results in a lack of subject-matter jurisdiction. *Common Cause*, 558 F.3d at 267-68. Finally, the Court declines Plaintiff's request to follow *Khan*, 2016 U.S. Dist. LEXIS 66404, which is not binding upon the Court, because only constitutional standing, not prudential standing, was at issue in the case. *See Khan*, 2016 U.S. Dist. LEXIS 66404, at *5-22.

As noted above, the Third Circuit has not yet determined whether a lack of prudential standing is prudential. The Honorable Maurice B. Cohill, Jr. of this Court's District recently encountered this issue in *Hvizdak v. Citizens Bank of Pa.*, No. 14-CV-406, 2015 U.S. Dist. LEXIS 103123, at *9 (W.D. Pa. Aug. 6, 2015). After the case was removed from the Court of Common Pleas of Allegheny County, Magistrate Judge Robert C. Mitchell issued a Report and Recommendation recommending that the defendants' motion to dismiss be granted because the plaintiff lacked prudential standing. *Hvizdak*, 2015 U.S. Dist. LEXIS 103123, at *1. Judge Cohill, in adopting Magistrate Judge Mitchell's Report and Recommendation, dismissed the plaintiff's amended complaint with prejudice. *Id.* at *1-2. The plaintiff then filed a motion to alter or

7

amend the judgment, arguing that the District Court erred by failing to remand the case to the Court of Common Pleas of Allegheny County. *Id.* at *2. After review, Judge Cohill determined that the District Court was deprived of subject-matter jurisdiction because the plaintiff lacked standing and remanded the case. *Id.* The defendant then filed a motion for reconsideration, arguing that the District Court's order remanding the case should be recalled because the plaintiff lacked prudential, rather than constitutional, standing. *Id.* at *2-3.

In addressing the defendant's motion for reconsideration, Judge Cohill first explained that if prudential standing is non-jurisdictional, then a court may waive its consideration and adjudicate the case based upon its merits. *Id.* at *9. Conversely, if prudential standing is jurisdictional, then a court may not waive its consideration and must remand the plaintiff's state claims. *Id.* Judge Cohill then noted that the First, Fourth, Fifth, Seventh, Ninth, Tenth, Eleventh, and Federal Circuits have held that prudential standing is not jurisdictional and is subject to waiver. *Id.* (citing *Baena v. KPMG LLP*, 453 F.3d 1, 5 (1st Cir. 2006); *Kennedy v. Allera*, 612 F.3d 261, 270 n.3 (4th Cir. 2010); *Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417-18 (5th Cir. 2012); *RK Co. v. See*, 622 F.3d 846, 851-52 (7th Cir. 2010); *City of L.A. v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009); *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 n.1 (10th Cir. 2011); *Am. Iron & Steel Inst. v. OSHA*, 182 F.3d 1261, 1274 n.10 (11th Cir. 1999); and *Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1280 (Fed. Cir. 2006)). The Second, Sixth, and D.C. Circuits have held that prudential standing is jurisdictional and is not subject to waiver. *Id.* (citing *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994); and *Animal Legal Defense Fund, Inc. v. Espy*, 29

F.3d 720, 723 n.2 (D.C. Cir. 1994)).  The Third Circuit has acknowledged the divide but has declined to decide the issue.  *Id.* at *9-10 (citing *UPS Worldwide Forwarding, Inc. v. USPS*, 66 F.3d 621, 626 n.6 (3d Cir. 1995); *Lewis v. Alexander*, 685 F.3d 325, 340 n.14 (3d Cir. 2012)).

Judge Cohill next explained that the Supreme Court has stated that "declining to adjudicate claims on grounds that are prudential, rather than constitutional, 'is in some tension with our recent reaffirmation of the principle that a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging.'"  *Id.* at *10 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014)).  The Third Circuit has recognized that the Supreme Court in *Lexmark International, Inc.* confirmed its "'disapproval of doctrines that permit courts to decline to decide claims on 'prudential' rather than statutory or constitutional grounds.'"  *Id.* (quoting *One2One Communs., LLC v. Quad/Graphics, Inc.*, 805 F.3d 428, 441 (3d Cir. 2015)).  Having analyzed the relevant precedent, Judge Cohill, noting that the Third Circuit has determined that "'prudential standing [is] not jurisdictional,'" held that "the judicially created prudential standing condition that requires a party to assert its own rights, not the rights of others, is non-jurisdictional and can be waived."  *Id.* at *11 (quoting *Elkin v. Fauver*, 969 F.2d 48, 52 n.1 (3d Cir. 1992) (alteration in original)).

After addressing the merits of the case, Judge Cohill concluded that the plaintiff's claims were time barred, barred by estoppel, barred by a forbearance agreement, and failed to state a claim upon which relief can be granted.  *Id.* at *11-23.  The plaintiff's complaint was therefore dismissed with prejudice.  *Id.* at *25.  Additionally, because Judge Cohill held that prudential

standing is non-jurisdictional, he recalled his previous order that remanded the matter to the Court of Common Pleas of Allegheny County and ordered that the case be closed. *Id.* at *24-25.

The Court agrees with Judge Cohill's well-reasoned analysis and concludes that prudential standing is non-jurisdictional. *See id.* at *11; *see also Ethypharm S.A. Fr. v. Abbott Labs.*, 707 F.3d 223, 232 (3d Cir. 2013) (stating that "antitrust standing," which is a form of prudential standing, "does not affect the subject matter jurisdiction of the court, as Article III standing does"); *Hourly Employees/Retirees of Debtor v. Erie Forge & Steel Inc.*, 418 F.3d 270, 275 n.8 (3d Cir. 2005) (holding that prudential standing, unlike constitutional standing, "may be bypassed in favor of deciding the merits") (internal quotations omitted). The Court therefore had subject-matter jurisdiction over this matter and properly granted Defendant's motion for summary judgment after finding that Plaintiff lacked prudential standing. Accordingly, because the Court had subject-matter jurisdiction over this case, a remand to the Court of Common Pleas of Cambria County is unwarranted.

## VI.    Conclusion

For the foregoing reasons, Plaintiff has not established that she has constitutional or prudential standing to assert her claim against Defendant. Accordingly, Plaintiff's motion to amend the judgment is **DENIED**.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELODY STOOPS,                          )
                                        )        **CIVIL ACTION NO. 3:15-83**
              Plaintiff,                )
                                        )        **JUDGE KIM R. GIBSON**
    v.                                  )
                                        )
WELLS FARGO BANK, N.A.,                 )
                                        )
                                        )
              Defendant.                )

### ORDER

**AND NOW**, this 12th day of August, 2016, upon consideration of Plaintiff Melody Stoops' motion to amend the judgment (ECF No. 81), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend the judgment is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE